### Dan Thomas v. The State.

No. 8183. Decided May 14, 1924.

**1.—Rape—Defensive Theory—Charge of Court—Insanity.**

The fact that there was controverting evidence offered on the part of the State would not deprive the appellant of the right to have the law of his defensive issue submitted to the jury, and the court should have submitted the issue of insanity.

**2.—Same—Evidence—Lack of Education.**

Where, upon trial of rape, defendant offered evidence under his plea of insanity of lack of an education and low order of mentality in mitigation of the penalty the same should have been admitted.

3.—Same—Conduct of Trial Judge—Lecture to Jury.

While this court has not carefully analyzed the court's lecture to the jury, and the cause being remanded for other reasons, it will simply suggest the trial court should avoid venturing out into broad fields of lecture to juries upon their duties other than upon necessary topics.

Appeal from the District Court of Rockwall. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of rape; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*Claude Isbell* and *H. M. Wade,* for appellant. Cited: Hierhalzer v. State, 47 Texas Crim. Rep., 199; Miller v. State, 105 S. W. Rep., 502.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Rockwall County of rape, and his punishment fixed at ninety-nine years in the penitentiary.

Appellant was charged with rape upon his daughter, a girl under the age of consent. It appears from the record that appellant was unable to employ counsel and was defended by attorneys appointed by the court. The State's Attorney before this court confesses error in the refusal of a charge upon insanity. Appellant's bill of exceptions No. 2 recites the fact that an exception was taken to the charge of the court for its failure to submit the issue of insanity, and his bill of exceptions No. 1 was taken to the refusal of a special charge submitted upon this issue. Said charge is not aptly framed and appears to lay a greater burden upon the appellant than is required by statute, but, being requested by him, is not to be regarded as so objectionable as to justify its refusal. In our judgment the testimony in the case was such as to raise the issue of insanity. Appellant's mother testified that he had had epileptic fits since he was a small child; the first one he had they thought he had been poisoned; that she had seen him have fits that lasted a day and a night; that she had a daughter who had epileptic fits and died; that appellant's father had epileptic fits, and that his grandfather was insane several years before he died. Appellant's brother testified that for a good many years he had had epileptic fits, would be unconscious, would fall as if he were dead; that the period of time during which he had had said fits was about twenty-five years; that the sister referred to by

97 T. C.—28.

witness' mother as having had epileptic fits, was an idiot. Dr. Austin testified for the defense that from his experience as a practicing physician it was his opinion that a man having had epileptic fits over a period of thirty years, remaining unconscious sometimes for a day, and some of his ancestors having died with epileptic fits, would not care as to whether he was right or wrong in committing a moral misdeed. The fact that there was controverting evidence offered on the part of the State would not deprive the appellant of the right to have the law of this defensive issue submitted to the jury.

Appellant offered proof of the fact that he had never attended school, it being stated that he purposed following this up with further proof that he had not been sent to school because he did not possess mentality enough to learn. Evidence of lack of an education and that one is of a low order of mentality seems admissible in mitigation and as affecting the penalty, and when the defense is based upon insanity we think testimony of this character should be permitted.

There are bills of exception in the record and also affidavits filed upon the proposition that the court delivered a lecture to the jury in the course of which he said things calculated to impress upon the jury's mind that it was their duty to convict. The presence of matters of this kind in the record, and the conflicting form in which same appear, cause this court much trouble, and can easily be avoided by omitting such lectures to the jury. It is difficult to use language in such a lecture which is intended by the court for legitimate purposes, without saying something which may be construed as having a hurtful effect upon cases pending. We have not carefully analyzed these matters in view of our conclusion that this case should be reversed, but content ourselves with the suggestion that trial courts should avoid venturing out into broad fields of lectures to juries upon their duties other than upon necessary topics.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*