### ESTELL PUGH V. THE STATE.

No. 18320.   Delivered May 27, 1936.
Appeal Reinstated June 24, 1936.
Rehearing Denied October 21, 1936.

170

The opinion states the case.

*Carney & Carney,* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to rob; punishment, two years in the penitentiary.

Our attention is called to the fact that the bond on appeal in this case is only approved by the sheriff of the county. Our statute requires that the bond be also approved by the district judge. Such being the condition of the record, this court is without jurisdiction.

The appeal is dismissed, and appellant is given fifteen days from the date hereof in which to file a new appeal bond.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

A. D. Oliver testified that on the 26th of September, 1934, appellant and another man attempted to rob him at the point of a gun. When he grabbed the gun and called for help appellant and his companion fled. Appellant testified that he found Oliver in possession of a gun belonging to his (appellant's) brother. When he attempted to take the gun away from him, they got into a scuffle and Oliver made an effort to strike him with the gun. He (appellant) ran away. Appellant denied that he attempted at any time to rob Oliver.

The first bill of exception recites that prior to impaneling the jury for the week the court delivered a lecture in which he stated to the jury that in case of disagreement one juror should yield "his judgment in order to keep from having a hung jury." In his qualification to the bill of exception, the court made the following statement: "No statement to the effect that one man should not hold up the verdict of the jury was made, nor was any impression left with the jury, so far as I am aware, that anyone should yield his opinion and agree with others for the purpose of avoiding a hung jury." As qualified, the bill of exception fails to reflect reversible error. In this connection, however, we call attention to the fact that this court has condemned the practice of lecturing the jury panel. We quote from Thomas v. State, 262 S. W., 84, as follows:

"It is difficult to use language in such a lecture which is intended by the court for legitimate purposes, without saying something which may be construed as having a hurtful effect upon cases pending. We have not carefully analyzed these matters, in view of our conclusion that this case should be reversed, but content ourselves with the suggestion that trial

courts should avoid venturing out into broad fields of lectures to juries upon their duties other than upon necessary topics."

Appellant excepted to the charge of the court on the ground that, in connection with the definition of the offense of robbery, the jury were instructed that the punishment for robbery with firearms was death or confinement in the penitentiary for not less than five years. In charging the law of assault with intent to rob, the court correctly stated the penalty. The jury assessed the minimum penalty. We are unable to perceive how the statement of the court as to the penalty for robbery with firearms could have injured appellant.

We know of no case holding that it is incumbent upon the court to define the term "fraudulently" when the proof on the part of the State shows, as it does here, that the assault was made with a gun. Nor do we believe the court was required to define the term "by violence and putting in fear of life or bodily injury."

In his motion for new trial appellant alleged that one of the jurors was neither a householder nor freeholder. We quote from Branch's Ann. P. C., sec. 548, as follows: "Though a juror qualifies on his voir dire as a householder and defendant does not discover he is neither a householder nor freeholder until after verdict, it is not ground for a new trial in the absence of a showing of probable injury." In Ferguson v. State, 40 S. W. (2d) 107, this court said:

"Appellant makes complaint of the fact that one of the jurors who tried him was discovered after the trial to be neither a freeholder in the county nor a householder in the state. * * * Conceding the fact that the contention is true and that information of this fact was prevented by reason of the silence of the juror when the general questions upon this point were asked by the court below during the qualification of the talesmen, still, in view of the fact that the lowest penalty was given, and that there is no showing made of any particular injury resulting, we must follow the authorities and hold the matter of no injury."

In the present case there is no showing of probable injury. Hence we would not be warranted in holding the matter to present reversible error.

In his motion for new trial appellant set up newly discovered evidence. He attached the affidavit of a witness wherein it was stated that, according to the best recollection of said witness, the injured party had stated to him that the assault had been made upon him with a pistol. We do not

decide whether said testimony would have been purely impeaching in nature. Be that as it may, we are of opinion the trial court was warranted in concluding that it would not likely have changed the result in the event of a new trial. See Branch's Ann. P. C., sec. 201.

We are unable to agree with appellant that the evidence is insufficient to support the judgment of conviction. The settlement of the conflict in the testimony was for the jury, who were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant stresses the point presented by bill of exception number one, complaining that the court gave oral general instructions to the jury which impinged on appellant's rights. We have again carefully examined said bill. In view of the court's qualification thereto specifically showing the substance of what he said to the jury upon the occasion of their impanelment for the week, we adhere to the conclusion announced originally, that no reversible error is shown.

After a further review of the evidence we remain of the opinion that the trial court committed no error in refusing a new trial on the ground of newly discovered evidence. The record makes it clear beyond dispute that whatever occurred between appellant and the prosecuting witness Oliver, the firearm which figured in the transaction was a rifle and not a pistol. This is shown by both witnesses for the State and appellant. In view of such established fact the uncertain recollection of the newly discovered witness as shown in his affidavit that he *thought* Oliver told witness the assault was made with a pistol would not likely have changed the result of the trial if such evidence had been before the jury.

It is not thought necessary to again review the other questions discussed in our original opinion. They appear to have been correctly disposed of.

The motion for rehearing is overruled.

*Overruled.*