## SID GOODWIN v. THE STATE.

### No. 1550. Decided January 31, 1912.

**1.—Gaming—Sufficiency of the Evidence.**

Where, upon trial of keeping a place for gaming, the evidence sustained the conviction, there was no error.

**2.—Same—Grand Jury—Bill of Exceptions.**

Where the question of the organization of the grand jury was not presented by a bill of exceptions or otherwise, the Appellate Court could not pass thereon.

**3.—Same—Calling Case Out of Regular Order—Discretion.**

Under article 651 (new) Code Criminal Procedure, the calling of cases on the court's docket is largely in the discretion of the court, and unless injury is shown, no reversible error is presented. Following Wright v. State, 10 Texas Crim. App., 476, and other cases.

**4.—Same—Vagrancy—Repeal—Statutes Construed.**

Article 559 (new) Penal Code, relating to gaming, is not repealed by the Vagrancy Act of 1909. Following Parshall v. State, 62 Texas Crim. Rep., 177.

**5.—Same—Statutes Construed—Repeal—Felony—Misdemeanor.**

The Act of 1907, article 559, (new) Penal Code, making it a felony to be interested in gaming, if in conflict, repealed article 572 (new) Penal Code, of the Act of 1881; but this last article is for permitting gaming, and the facts do not apply thereto.

**6.—Same—Charge of Court—Theory of Defense.**

Where, upon trial of keeping a certain place for gambling purposes, etc., defendant, by his testimony, denied that any gambling was carried on on his premises, and if it was, that the same was without his knowledge or consent, the court should have submitted this issue to the jury; especially, where the same was requested by proper charge, and the same was reversible error.

. Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of keeping a certain place for gambling purposes; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On question of the court's failure to charge that knowledge and consent are necessary to constitute the offense: Hanks v. State, 54 Texas Crim. Rep., 1.

On question that defendant was guilty of a misdemeanor and not a felony: Brown v. State, 49 Texas Crim. Rep., 419; Hanks v. State, 54 id., 1; Article 389, Penal Code.

On question of insufficiency of the evidence: · Hanks v. State, 54 Texas Crim. Rep., 1; Simons v. State, 56 id., 339; Brown v. State, 49 id., 419; Berry v. State, id., 376.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Under the third count of the indictment by the grand jury of Potter County, it is charged that the appellant on or about October 3, 1910, "did then and there unlawfully keep and was interested in keeping a certain premises, room, building and place for the purpose of being used as a place to bet, wager and gamble with dice and on games played with dice and as a place where people then and there resorted to gamble, wager and bet on games played with dice," then describes the particular place. The appellant was convicted and his penalty fixed at two years in the penitentiary.

The appellant, in the latter part of the summer of 1910, rented the premises which he was charged with keeping for gambling, as described in the indictment. Soon after he rented the premises he opened a restaurant and pool hall therein. The building contained three rooms. One he used for a. kitchen, another for a dining room and the other for a pool hall. He continued this business from some time in September, 1910, until at least after January, 1911.

Among others, the State introduced two witnesses who testified that they and a large number of other negroes frequented this place kept by appellant from along early in October, 1910, for several weeks, if not months, thereafter. That they and a large number of the other negroes from time to time, and in fact practically every time they were at the place, gambled with dice, a large number participating in the game; that the appellant himself run the games most of the time. On a few occasions he had another to run them for him; that, even, when someone else was running the games for him he was generally in the room, knowing and seeing the games and gambling thereon by throwing dice on one of the pool tables. This was shown to have occurred generally in the evening, after dinner and at night and Sunday evenings, and Sunday nights, too. That as the games were played, the

appellant would take off his commissions which, as we understand, was usually five cents on each dollar won on each game.

The testimony by these two witnesses and especially on cross-examination, is very extended, but the effect of their testimony shows that this place, charged in the indictment, was kept by the appellant, run and operated by him practically continuously for weeks and months as a gambling house where a large number of from half dozen to as many as twenty negroes congregated and gambled with dice a great many times and that he was present, took his commissions out of the games and saw the gambling practically all the time.

The appellant denied that gambling had ever been carried on in this house with his knowledge or consent; that he had never seen any game played with dice in his house at any time, and that he had only heard of it one time when the deputy sheriff arrested some parties in his house and told him of it, he not being present at the time, but was in his kitchen and knew nothing about the game. There were contradictions by other witnesses introduced by appellant of the two State's witnesses, some of them denying that they were present and gambled in the games where the State's witnesses stated they did. Some of them testified that they occasionally were at appellant's said house, others stating that they were there oftener, and that they did not see any gambling carried on when they were there; that they did not say that gambling might not have been carried on when they were not there. There was also impeaching testimony, of one of the State's witnesses especially. All these matters were for the jury and the court below. The evidence is ample and full to sustain the conviction if the jury and the court below believed the State's witnesses, which evidently they did.

By appellant's motion for a new trial he complains of what he claims was an improper organization of the grand jury which found the indictment, but concedes in his brief that this matter is not so raised by bill of exceptions or otherwise so that he can have this court pass upon the same.

Another complaint by him is that his case was called out of its regular order and he forced to trial. No application was made to continue the case, simply to postpone it until cases of prior number on the docket were tried first. His bill and the qualification thereof by the judge shows that the judge set this case with some three or four others of prior number for trial on the day this cause was called and forced to trial. That in two of these cases, although both parties announced ready in them, upon their calling his attention to the indictments therein, he concluded that a relative of his within the prohibited degrees was so connected therewith that he was disqualified from trying either case and thereupon declined to try them. That another case was called, and upon a proper showing that the defendant therein was too sick to attend the trial it was postponed and reset for another day. Another case was called and the district attorney properly dismissed it. Thereupon, this case was reached and called and over his objec-

tions he was forced to try the same. No injury whatever is shown by the appellant in this action of the court. It is well established by the decisions of this court and the effects of the statute are the same, that such matters as to when the cases on the docket shall be called is largely in the discretion of the trial judge and unless injury is shown no reversible error is presented. Code Criminal Procedure, article 651 (new); Wright v. State, 10 Texas Crim. App., 476 and cases cited therein; Shehane v. State, 13 Texas Crim. App., 533; Jones v. State, 8 Texas Crim. App., 648. Many other cases might be cited but it is unnecessary.

The indictment in this case was under Penal Code, article 559 (new); 388b (old) under the Act of 1907, p. 108. Appellant contends that this article was repealed by the Vagrancy Act of 1909. This question was fully discussed and decided against appellant in Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W., 759.

Another contention by appellant is that the testimony showed that appellant should have been prosecuted under article 572, Penal Code (new), 389 (old) which was the Act of March 5, 1881. This article makes it an offense for any person to permit certain games to be played in his house, etc. Of course, the Act of 1907, being the later, if there was any conflict, would repeal or supersede this article 389 (old). The testimony in the case, as stated above, was particularly applicable to new article 559, and there is nothing in appellant's contention on this point.

Appellant requested two special charges which were refused by the court. In addition thereto, he complains of the court's charge on the same question. It is unnecessary to give in full the requested charges and the complaint made on the same issue in the motion for new trial. Suffice it to say that this question is thereby properly raised. The appellant, by his testimony, as shown above, denied that any gambling was carried on in his premises; that if there was any gambling done there such as was testified to by the State's witnesses, it was without his knowledge or consent, and that he at the time had no knowledge that the one game played there when the deputy sheriff arrested several parties, and did not know anything of it until the sheriff, after arresting the parties, told him of it. That in order to properly present his defense, this called for a charge to the effect that in order to convict him the gaming for which he was indicted must have been carried on with his knowledge or consent and if he did not know it, or had no notice thereof at the time it was being done, he could not be convicted. The charge of the court did not cover this feature of his defense and in his motion for new trial he makes this point against the court's charge. This in our opinion under the authority of Moore v. State, 137 S. W., 690, is reversible error. The defense should have been presented either by the court's main charge or by giving, in effect, the third special charge requested by him. If this third charge requested by him, which was to the effect "if the jury believe from the evidence that a

game of dice was played at defendant's place of business on one occasion and at that time defendant was not present and did not participate therein, they will acquit the defendant and find him not guilty, unless they believe from the evidence, beyond a reasonable doubt, that other games were played with his knowledge and consent," had been given, no reversible error would have been presented.

For the error of not submitting the appellant's defense, either by the main charge of the court or not giving this requested charge, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*