PERRY MOORE v. THE STATE.

No. 7567.   Decided May 30, 1923.

1.—Selling Intoxicating Liquor—Court Docket—Calling Case out of Order.

Where the record showed that the trial judge was informed that the State was not ready for trial in other cases against the defendant set ahead of the instant case on the docket; that he was satisfied no injury would result in taking up the instant case for trial, that all criminal cases were subject to call on the day that this instant case was called of which all

parties had full notice, there was no reversible error. Following Todd v. State, 57 Texas Crim. Rep., 15.

2.—Same—Continuance—Calling Case Out of Order—Practice in Trial Court.

In the absence of an application for continuance, the defendant contended himself with the proposition that in calling the case out of its order the trial court subjected him to an injustice and injury, in that upon the trial it would be shown that there were other similar prosecutions against him, but the court certified that no injustice would result, there is no reversible error.

3.—Same—Misconduct of Jury—Argument of Juror.

Where it was shown in the record on appeal that one of the jurors remarked that appellant must have been guilty or they would not have charged him in the other cases, but was promptly reprimanded by his fellows, and his attention called to the fact that under the instructions of the court no consideration could be given to the pendency of the other cases, except as bearing upon the credibility of the defendant, there is no reversible error; besides, the remark imported to the juror is to be classified as an agument based upon evidence introduced upon the trial. Following Jack v. State, 20 Texas Crim. App., 661, and other cases.

4.—Same—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquor, the evidence was sufficient to support the conviction, there is no reversible error.

5.—Same—Rehearing—Calling Case Out of Order.

A party should not rely upon the naked propostion that his case has been called out of its order, but must be held to plead and prove as a part of his objection to such proceeding, that he had suffered injury.

6.—Same—Practice On Appeal.

Where the verdict of the jury is sustained by the evidence the fact that the defendant's testimony conflicts therewith is not reason for reversing the case, and the judgment must be affirmed.

Appeal from the District Court of Hopkins. Tried below before the Honorable Geo. B. Hall.

Appeal from selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Dial, Melson, Davidson, & Brim,* for appellant.—On question of calling case out of order; Johnson v. State, 12 Tex. Crim. App., 414; Nichols v. State, 3 id., 546; Hampton v. State, 5 id., 463; Thomas v. State, 36 Texas, 315.

*R. G. Storey,* Assistant Attorney General for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Bill of Exceptions No. 1, disclosed that there was pending against

appellant three indictments for unlawfully selling intoxicating liquor. They were Nos. 5727, 5732, and 5770. Over appellant's objection, Nos. 5727 and 5732 were passed over, and the instant case, No. 5770, called and tried. It is stated in the bill that the ''defendant· was taken by surprise as he had made his preparation and was ready for trial in the prior cases against him as they had been turned into Court and appeared upon the docket of this Court,'' and further that the requirement that the instant case be tried first would result in a prejudice, in that he expected to take the stand in his own behalf, and his cross-examination would reveal the pendency of the other cases. It is further shown by the bill that the appellant did testify as a witness and was called upon by the prosecution to and did reveal the fact that the other cases mentioned were pending against him. In qualifying the bill, the trial judge said that he was informed that the State was not ready for trial in the other cases; that after fully developing the facts preliminary to his ruling, he satisfied himself that no injury would result; that there was no surprise and that no good reason existed for requiring the State to try the other cases and that it was fully shown that there was no evidence which could have been adduced in the instant case by postponing it until the others were disposed of. The qualification also recites that all criminal cases were subject to call on the day that this one was called, of which fact the appellant and his counsel had full notice. The facts are much like those in the cases of Todd v. State, 57 Texas Crim. Rep. 15, and Todd v. State, 57 Texas Crim. Rep. 26 in which the question raised was decided against the accused, and the proposition asserted in substance that the statute relating to the order of calling cases on the docket is directory and a matter largely under the control of the trial court, and that departures therefrom are not to result in a reversal unless injury or injustice is clearly shown.

No application for a continuance was made setting up any statutory ground for delay. The appellant contented himself with the proposition that in calling the case out of its order the trial court subjected appellant to an injustice and injury in that upon the trial it would be shown that there were other similar prosecutions against him. This contention is met by the qualification of the bill to the effect that a full investigation of the matter was made and that upon the investigation on the facts which are not set out, the trial court reached the conclusion that injustice would not result.

The theory advanced by the appellant that injury must necessarily result from the knowledge of the jury that there were other cases against him is not tenable; such knowledge could be brought to the jury whether the other cases were first disposed of or not, as upon his becoming a witness, the evidence of previous indictments for felonies would be admissible to affect his credibility. No facts are contained in the record indicating that on the trial of the other cases

an acquittal would have resulted, and unless this would have occurred, we fail to discern that anything other than delay would have been gained by granting the motion. In other words, if all the cases had been postponed and the two appearing first on the docket were tried first, appellant's position in the trial of the instant case would not have been improved. Under the facts developed and the authorities cited, this court is not warranted in sustaining the point raised.

In another bill it is claimed that the jury was guilty of misconduct in discussing the pendency of the other cases. Upon the hearing it was shown that one of the jurors remarked that "appellant must have been guilty or they would not have him charged in the other cases." Upon making this remark, he was promptly reprimanded and his attention called to the fact that under instruction of the court, no consideration could be given to the pendency of the other cases except as bearing upon the credibility of the appellant. The evidence that appellant was charged with other offenses was legtimately before the jury and an appropriate instruction was given limiting its use. The remark of the juror related to a matter properly in evidence, contained no new and prejudicial testimony against the accused and revealed no fact characterizing the juror making the remark as a prejudiced juror. For these reasons the trial judge did not abuse his discretion in refusing to grant a new trial. Even if the facts be considered and weighed, the clearness with which the court instructed the jury touching the purpose of the evidence and the promptitude with which the jurors corrected the erroneous view of the juror making the remark would characterize the transaction as one which did not affect the fairness and impartiality of the trial. See Jack v. State, 26 Texas Rep. 1; Johnson v. State, 27 Texas 758; Allen v. State, 17 Texas Crim. Rep. 137. The remark imputed to the juror in question, in our opinion, is to be classified as an argument based upon evidence introduced upon the trial, concerning which it has been said by this court:

"If it were permitted to attack and set aside a verdict because of arguments and reasons advanced and urged by jurors in their deliberations thereon, it would destroy free discussion and interchange of opinions among jurors. It would open the door to a searching inquiry in relation to every act and word which transpired in the jury room, and would subject each individual juror to be placed upon trial before the court to answer for the soundness and propriety of the opinions expressed by him in the jury room."

It is further said:

"There might arise, perhaps, an extreme case in which such a practice would be tolerated to prevent wrong and injustice, but this court would not be willing to sanction the procedure unless it should manifestly appear that the ends of justice imperatively demanded it." (Jack v. State, 20 Texas Crim. App. 661.)

See also Todd v. State, No. 6886, not yet reported.

These declarations we regard as sound and as timely now as when they were uttered. They should be borne in mind by the members of the Bar to the end that the growing practice of putting the jury on trial after verdict, may prevail in cases only where there are cogent reasons for believing that the provision of the statute upon new trials (Art. 837, C. C. P.) has been transgressed. The instant case, we think, is not such an example.

The evidence is sufficient to support the conviction. There was direct testimony of more than one witness that appellant sold intoxicating liquor. He denied it, but the jury believed that the State's testimony was true. They were warranted in so believing; they gave the lowest penalty allowed by law, thereby manifesting an absence of prejudice.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### May 30, 1923.

LATTIMORE, JUDGE.—Appellant has filed a most forcible motion reviewing the authorities relied upon by us in our original opinion, and the questions decided, and insists that we were in error, and the matters have again been carefully considered.

It is not intended to be held by us that in every case the trial court may arbitrarily, out of their regular order take up cases pending upon his docket and force the accused to trial. The orderly procedure of the courts would seem to require that when a docket is set that those interested in litigation may depend upon some disposition being made of the cases set prior to those in which they are interested before the latter are called for trial. That the above could not be hard and fast rule, however, would be manifest upon very little thought, and as it is the rule that appellate courts are to accord fairness and legality to the proceedings of trial courts until the contrary is made to appear,—when cases are called out of their order and tried and this is to be relied upon as an erroneous proceeding upon appeal, it would seem clear that the party complaining should not rely upon the naked proposition that his case has been called out of its order, but would be held to plead and prove as a part of his objection to such proceeding, that he had suffered injury. In the instant case it is plain that there were on the docket two cases against appellant whose numbers would indicate that they were older cases than the one upon which this trial was had. It also appears in this record that when this case was called for trial appellant objected to going to trial herein upon the ground that the docket showed that the cases of the State of Texas v. Perry Moore, Nos. 5727 and 5732 were prior to and before this case, and that the defendant was taken by surprise upon the calling of the above entitled and numbered cause as he had made

his preparation for trial in the order in which the said cases against him had been filed and appeared on the docket thereof, and to call this case and force defendant to trial at this time in addition to the above reason, would work a prejudice against the defendant as he expected to take the stand in his own behalf and would be liable to and could be examined by the State with reference to the preceding cases now pending against him on the docket of his court charging violations of the liquor law of the State of Texas. It is not set up in the motion presenting appellant's objections to going to trial in this case, that he was demanding a trial in either of the other cases with the expectation of being acquitted. This would seem to us to present the most substantial reason why he should demand a trial in the preceding cases. It is clear that under our rule of practice one who has pending against him a felony indictment, or who has been convicted for a felony, may be asked relative to same while a witness in his own case. If appellant did not expect to be acquitted in the two preceding and older cases on this docket, certainly a trial in them and a conviction for the offenses there charged, would be a matter which might be inquired about on cross-examination when this case was reached and he took the stand as a witness therein, and it would seem to us that if he had been tried and convicted in the two former cases before this case was reached, the development of such fact would much more materially affect his credibility as a witness than would the fact that there were pending against him two indictments for felonies upon which he had not been tried.

In other words it does not appear to us that the objections presented by appellant to calling this case out of its order presented any sufficient reason why the learned trial court should have granted same. If appellant had witnesses in this case who were not present when called for trial but whom he expected to have present by the lapse of a reasonable time for the trial of the other cases, or if he had reasonable ground for believing that a trial of the other cases would result favorably to him, or if he could show any other substantial reason, or the probability of injury, this court would be inclined to hold that the trial court should not have called the case out of its order. The mere objection that a case is called out of order, does not suffice to overthrow the presumption in favor of the regularity and orderliness of the procedure of the trial courts.

There is much force in the argument of appellant directed at the weight of the testimony but we are not able to say that the verdict of the jury is so contrary to the testimony as to make it apparent that same was caused by prejudice or passion. A State witness testified positively that he bought the whisky from appellant, claiming to have gotten two half-gallon jars which he brought away in a tow sack. This was the 21st of June, 1922. Another State witness testified as positively that on the 21st of June he saw said State witness com-

ing through a pasture at or near appellant's place with a tow sack in his hand and that he put it in a car in which another man was and that as they turned the car to leave they killed the motor. The other State witnesses testified that on the 21st of June they apprehended the principal State witness in a car with a man named Morrissy and that they had a gallon of whisky in a tow sack in said car. For appellant he introduced a number of witnesses who testified very strongly that they were with appellant and were near him and saw him during the 21st of June and that he made no sale of liquor to the State witness. The jury has solved these matters of conflict and we do not feel disposed to disturb their verdict.

The matter of the misconduct of the jury was fully discussed in the original opinion.

Finding no error the motion for rehearing will be overruled.

*Overruled.*