# MAY, 1925.

### L. C. HUFF v. THE STATE.

No. 9073.   Delivered May 13, 1925.

Rehearing granted June 17, 1925.

1—Failing to Dip Cattle—Continuance—No Diligence—Properly Refused.

Where on a trial for failure to dip cattle as required by law, appellant who was not represented by counsel asked for process for a witness named

Love, whom he stated had charge of the cattle which he was charged with failing to dip, but proceeded with his trial without said witness, and without requesting a postponement, no error is shown.

ON REHEARING

2.—Same—New Trial—Wrongfully Denied.

Where in his motion for a new trial, appellant attached to said motion an affidavit from a witness Love, to the effect that he, witness, had possession of the cattle which appellant had been convicted for failing to dip and that said cattle had been dipped by him on the same day that he was notified to dip them, the State not having controverted such affidavit, a new trial should have been granted. Following Page v. State, 94 Tex. Crim. Rep. 489 and other cases cited.

Appeal from the County Court of Gonzales County. Tried below before the Hon. J. C. Romberg, Judge.

Appeal from a conviction for failing and refusing to dip cattle; penalty, a fine of $50.00.

The opinion states the case.

*Horace Duncan*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the county court of Gonzales County for failing and refusing to dip cattle after having been notified in writing to do so, and his punishment assessed at a fine of $50.00.

There is no brief on file by the appellant in this case, and the record discloses that he employed no attorney to represent him in the trial of this case until after conviction. It further appears from the motion for new trial that when the case was called for trial that the appellant requested process or subpoena for one Tom Henry Love, which it appears that the court refused to have issued. It further appears from the record that appellant made no effort to obtain testimony of this witness until the case was called for trial and no motion was then made for postponement, but appellant then only requested the court to have process issued for said witness, and went into trial without the assistance of an attorney, as above stated.

We observe no error in the court's overruling the appellant's request in this particular as there was no diligence shown and we also observe no error in the court's refusing to grant the new trial in order to obtain the testimony of the said witness for the same reason. This appears to be the only question in the case and we fail to see any error committed by the trial court, and are of the opinion that this case should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BAKER, JUDGE.—The case was tried on the 25th of August, 1924. The record discloses that the appellant was notified to dip his cattle at a certain vat between 8:00 A. M. and 12:00 o'clock Noon, and the State contends that he failed to comply with said notice and to dip said cattle. The appellant testified that he owned only a cow and calf; that Tom Henry Love was milching the cow and keeping the calf and that he, appellant, did not know whether or not they were dipped, but that he did not dip them himself.

The record discloses that appellant was not represented in the trial by counsel, and that after conviction he employed counsel who prepared his motion for new trial and perfected the appeal. The record further discloses that complaint had been filed against him for failure to dip said cattle and on the 22nd day of August about four o'clock in the afternoon he was arrested and that from said time up to the day of the trial, August 25, 1924, he had been attempting to learn from said Love whether or not the cow and calf were dipped and on the morning his case was called for trial, he made a verbal request of the court for a subpoena for said Love and that the trial be postponed until service could be had which was denied. It is also shown that he did not get in communication with said Love until the night of the 25th of August. The record further discloses that after the trial he obtained the affidavit of said Love and attached it to the motion for new trial showing that said cow and calf were dipped on the afternoon of said date on which he was notified to dip same.

After a careful consideration of said motion for rehearing and reviewing the entire record, we are of the opinion that we were in error in affirming this case. From the above it will be seen that the appellant only had about three days after capias was served on him within which to prepare for trial; and the record further discloses and shows that there was about one hundred cases on the docket, ninety five of which had precedence over his, which in the natural order of things he would have had the right to assume that it would take the court some time to reach his case, had same been called in its regular order, but for some cause undisclosed by the record, it appears that the appellant's case was called and acted upon and given precedence over said other cases. It is true that the record discloses the fact to be, that the appellant had made no demand for a subpoena of the witness Love until the morning the case was called for trial

and if the diligence used was not such as required by the statute strictly construed, still in view of the affidavit attached to the motion for new trial showing that the cattle were dipped, we believe that the court should have granted said motion. Page v. State, 94 Texas Crim. Rep. 489, 251 S. W. 1086. Moore v. State, 94 Texas Crim. Rep. 489.

In the case of Simpson v. State, 263 S. W. 273, with reference to the trial court calling the docket, this court stated that the order of calling dockets ·is largely discretionary ·with the trial court and its action will not be disturbed unless injury is made apparent. We think the case, supra, is the settled law of this state and that unless there is an abuse of such discretion shown by the trial court, or injury resulting therefrom, this court would not be authorized or called upon to reverse a case called out of regular order. The record before us does not affirmatively show any abuse of discretion in this instance, but taken together with the request for the absent witness and the shortness of the time within which to prepare for trial and the materiality of the testimony of the said witness Love, as disclosed by the affidavit attached to the motion for new trial. we think that the new trial should have been granted. The record seems to disclose no intent to evade the law. McDonald v. State, 96 Texas Crim. Rep. 191.

We further notice from the record that the offense is charged to have been committed on the 26th of June. The complaint and jurat thereto attached is dated on the 13th day of June. This may be a clerical error; however, we call the attention of the prosecution to the same to deal with as the facts may authorize.

For the errors above complained of, the motion for rehearing is granted, the opinion of affirmance set aside and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.