MARIA CASTILLO V. THE STATE.

No. 21434. Delivered March 26, 1941.

The opinion states the case.

*Julian La Crosse,* of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Upon reconsideration of this case the original opinion is withdrawn and the following substituted in lieu thereof.

Appellant was charged by complaint and information with having in her possession, "an illicit alcoholic beverage containing more than one half of one per cent of alcohol by volume, and capable of use for beverage purposes alone and when diluted, to-wit, mescal, in a container to which no tax stamp showing the payment of the tax on said beverage due to the State of Texas was affixed, and to which so unstamped container no valid evidence was affixed showing the payment of the tax on such beverage to the State of Texas."

The penalty assessed by the jury's verdict was thirty days in jail.

A representative of the Liquor Control Board testified that he and a deputy sheriff went to the home of appellant on May 7, 1940, in the city of Del Rio and asked for permission to search for mescal. This was granted, and four gallons of mescal were found in the northeast corner of her bedroom under a trap door in the floor. The trap door was hidden by a trunk. Later they found a gallon jug with some mescal in it in another room. The officers had a search warrant, but, having secured the permission of appellant to search her house, they did not present their search warrant.

The evidence details fully the finding of the mescal in containers named, but there is no evidence found in the record which states, or even indicates, that there was no stamp showing the payment of taxes due the State of Texas or evidence thereof, as charged in the complaint and information. The State has wholly failed to offer proof upon which the jury would be warranted in returning a verdict of guilty under the charge.

Other questions raised in the appeal will not likely occur upon another trial. The judgment of the trial court is reversed and the cause remanded. The State's motion for rehearing is overruled.