### JOE STONE V. THE STATE.

No. 22395. Delivered April 28, 1943.
Rehearing Denied May 26, 1943.

72

The opinion states the case.

*John V. Dowdy,* of Athens, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of selling whisky in a dry area and his punishment assessed at a fine of $500.00.

By Bill of Exception No. 1 appellant complains of the action of the trial court in declining to instruct the jury to return a verdict of not guilty. He claims that the evidence is insufficient to justify and sustain his conviction.

The State's evidence, briefly stated, shows that W. R. Russell, an agent of the Texas Liquor Control Board, on the night of June 20, 1942, purchased a pint of whisky from the appellant which he immediately turned over to the Sheriff of Cherokee County. Appellant did not testify but proved by a number of witnesses that on the night in question, he and his wife, accompanied by a number of friends, attended a skating rink at Wells, Texas; that they were all there together and at no time did he leave in company with W. R. Russell or go to his home with him where, according to the testimony of Russell, he purchased the whisky in question from appellant.

R. G. Odom testified that he was a farmer and lived one mile south of Wells; that he knew W. R. Russell, Jiggs Wood, Tom Odom, Tom Ash, and Fred Doss; that late in the afternoon of June 20th, he was in town together with Tom Odom, Tom Ash and Fred Doss; that they wanted some whisky; that they made their desire known to W. R. Russell and Wood, who said that they did not have any liquor but would like to have some, whereupon Wood suggested that they might get some whisky from the appellant; that they then all contributed to a common fund enough money with which to buy a pint of whisky; that Russell, Wood and R. G. Odom got in Wood's automobile and started to the home of the appellant; that on the way they met appellant coming to town; that they stopped and picked him up and inquired of him if he had any whisky, to which he replied that he did not, that he was not in the business of selling whisky, whereupon they came back to the town of Wells and returned to each the money contributed to the common fund.

Fred Doss and Tom Odom testified to substantially the same facts.

It will be noted from the foregoing brief statement of the evidence that an issue of fact was raised which the jury decided adversely to the appellant.

By Bill of Exception No. 2 appellant complains because the trial court declined to submit to the jury his special requested instruction to the effect that each juror is to decide the issues presented for himself and if, after consideration of all the evidence, the instructions and consultations with his fellow jurors, there is a single juror who has a reasonable doubt as to appellant's guilt, it is his duty, under his oath, to stand by his conviction and favor a verdict of not guilty so long as he entertains such reasonable doubt. We think the court was eminently cor-

rect in declining to submit the special requested instruction, or one of like import, for the reason that the court is required to submit, in his charge, the law applicable to the issues raised by the evidence and not enter upon a lecture to them on the subject of their duties as jurors. If appellant is entitled to such an instruction, then why would not the State be entitled to the converse of such lecture? In support of what we have said here, we refer to the case of Thomas v. State, 97 Tex. Cr. R. 432.

By Bill of Exception No. 3 appellant complains of the action of the court in declining to submit to the jury his Special Requested Charge No. 4, to the effect that the complaint and information is no evidence of guilt, and the jury should not consider or discuss the same in their deliberations. We fail to see any reversible error reflected by the bill. The court is required to give to the jury in his charge the law applicable to the evidence and the issues of the case and, in some instances, limit certain evidence to the purpose for which it is admitted, or to disregard certain evidence which may have been improperly introduced; but in the instant case, the complaint and information were not introduced in evidence, nor were the same commented on or referred to by the County Attorney in his argument to the jury. In the absence of some showing of injury to appellant by reason of having declined to give the requested charge, we would not be authorized to reverse the case.

Bills of Exception Nos. 4 and 5 bring forward certain objections to the court's main charge. We have examined the charge in the light of the objections addressed thereto and reached the conclusion that they are without merit.

By Bill of Exception No. 6 appellant complains of the court's action in declining to call for trial the cases in their numerical order as they appeared on the docket of the court; that the case of the State of Texas v. Leon Stone, No. 13,348, preceded that of the State of Texas v. Joe Stone (appellant), No. 13,349; that although Leon Stone was present and ready for trial the court, over the protest of the appellant, passed the case against Leon Stone and called the case against the appellant. The court qualified the bill and in his qualification states that on Friday, July 3, 1942, the State announced ready for trial in the case of State v. Joe Stone, at which time appellant requested a postponement of the case until July 15th; that the request was granted and both cases were set down for trial on July 15th, 1942; that both appellant and his attorney were advised at that time that the State intended to try Joe Stone ahead of Leon

Stone. Consequently, appellant's counsel was aware that although the case of Leon Stone preceded that of Joe Stone, still the court was going to call the case of State v. Joe Stone prior to calling that of State v. Leon Stone. The order in which cases are called for trial, unless such cases have been previously set for a certain date, rests largely within the discretion of the trial court; and unless it is made to appear that the court has abused his discretion with respect thereto to the injury of the appellant, this court would not be authorized to reverse the case by reason thereof. In the instant case, no abuse of discretion is shown; hence we overrule appellant's contention. In support of what we have said here, we refer to the following cases: Simpson v. State, 97 Tex. Cr. R. 57; Moore v. State, 251 S. W. 1086, 94 Tex. Cr. R. 489; Johnson v. State, 106 Tex. Cr. R. 482; Goodwin v. State, 65 Tex. Cr. R. 98.

By Bill of Exception No. 7 appellant complains of the action of the trial court in overruling his application for a continuance based upon the absence of Olin Hill, J. C. Wesley, and Mrs. Ellen Lee; and in addition thereto, because of alleged newly discovered evidence. The application is deficient in that it is a subsequent application on the part of the appellant and fails to conform to the statutory requirements, in this: that it is not averred in the application that the desired testimony cannot be procured from any other source known to the defendant. Consequently the court's ruling was eminently correct. See Winfrey v. State, 122 Tex. Cr. R. 480; Bascom v. State, 114 Tex. Cr. R. 32; and other cases listed under Art. 544, Note 3, Vernon's Ann. Tex. C. C. P., Vol. 1.

Bill of Exception No. 8 reflects the following occurrence: While J. M. Rich, an agent of the Texas Liquor Control Board, was testifying in behalf of the State, he stated that he and another agent of board mentioned came to Cherokee County at the request of Frank Brunt, the Sheriff, to which appellant objected on the ground that the same was immaterial. It later developed, however, that said witnesses were sent to Cherokee County by their chief, and the sheriff never contacted either of said agents; that if the sheriff contacted anyone, it was their chief at Austin. When this developed, appellant immediately moved the court to strike said testimony on the ground that it was highly prejudicial, hurtful, hearsay, etc. The court sustained appellant's motion and instructed the jury to disregard said testimony, but notwithstanding the court's action, appellant excepted and moved the court to declare a mistrial for the reason that the sheriff is a very popular man in Cherokee

County, and that this is an attempt in an indirect way to have the sheriff vouch for the credibility of the witnesses and is also an attempt to get before the jury the fact that the witness, W. R. Russell, was in said county buying whisky at the request of the sheriff; that the sheriff picked talesmen, who were his personal friends, whom he regularly summoned as talesmen on the jury in the trial of liquor cases. This bill is qualified by the trial court, who states in his qualification that when the case was called for trial only eight men of the regular jury panel appeared, the others having left the county to engage in defense work; that after he administered the oath to the sheriff, he directed him to summon eight more qualified jurors; that the sheriff did so, and their names were written on slips of paper and drawn from a box by the clerk and a list made from which the jury was selected; that of the first twelve men whose names appeared on the list six were of the regular panel and six of the talesmen; that in the exercise of peremptory challenges the State struck one of the names of the regular panel and two of the names of the talesmen; that defendant's counsel struck one of the names of the regular panel and two of the talesmen. Appellant accepted the bill as thus qualified and is bound thereby. The bill shows that the court sustained appellant's objection to the testimony and complied with the request to strike the same. If the sheriff intentionally summoned men as prospective jurors whom he knew to be prejudiced against the liquor traffic or bootleggers, such act would be wrong and would result in the denial of a fair trial by an impartial jury, but there is nothing in the bill to support appellant's allegation or his assertion, in the absence of which no error is shown.

By Bill of Exception No. 9 appellant complains of the following remark by the County Attorney in his closing argument to the jury:

"Joe Stone knew who this third man was that was with Russell when he went to his house and bought the liquor. Why didn't the defendant bring him here?"

Appellant objected to the argument on the ground that it was an allusion to the defendant's failure to testify. This bill is qualified by the court who states in his qualification that counsel for the defendant, in his argument to the jury, made light of the fact that the State did not bring to the trial of this case any witnesses who were present with the State's witnesses when they were supposed to have contacted Joe Stone on June 18th, and again, why the State didn't bring Jiggs Wood, who was supposed to have been with Russell and another man

when Joe Stone was first contacted on the night of June 20th; that in reply to these remarks State's counsel stated that defendant's counsel asked why the State did not bring some witness who was with Rich and Russell when they first saw Joe Stone on June 18th, and also asked why the State did not bring Jiggs Wood to testify that he was with Russell early in the evening of June 20th, when they first tried to buy whisky from Joe Stone. "This matter is all immaterial. The real issue here is, Did Joe Stone sell W. R. Russell this pint of whisky on the night in question? Rather then occupy more time with immaterial issues, I will ask counsel for the defendant why he didn't bring the third party who went with Russell and Joe Stone out to Stone's about 11:00 o'clock at night on June 20th. Joe knew him. If defense counsel is interested in enlightening this jury about the real issue here, why doesn't he have that third party here to tell his version of the sale?" We do not understand that the remark complained of was a reference to the appellant's failure to testify. However, the evidence shows that a third party was present. Hence we overrule his contention.

Bill of Exception No. 10 complains of the action of the trial court in overruling the motion for new trial based upon newly discovered evidence. This bill is deficient in that it fails to negative the want of knowledge on the part of the appellant's counsel of the claimed newly discovered evidence. In order for a bill to be sufficient, it must affirmatively appear therefrom that neither the appellant nor his counsel had any knowledge of the existence of the evidence claimed to be newly discovered. If appellant's counsel, who is the agent of appellant, had knowledge thereof, then the evidence cannot be said to be newly discovered, because knowledge to the agent is knowledge to his principal. In support of what we have said here, we refer to the case of Mims v. State, 140 Tex. Cr. R. 647.

Bills of Exception Nos. 11, 12, 13, 14, 15, 16, 17 and 18 are, in our opinion, without merit. Hence we see no need of entering upon a discussion thereof.

It is made to appear from some of the bills that appellant undertook to prove that the sheriff, after he had arrested Wood and Russell for selling whisky, made an agreement with them that if they would make five cases for him against other parties he would forget about the cases against them. Had appellant inquired of the witnesses Russell and Wood if they were not engaged in the illicit sale of intoxicating liquors at the time in question, or about that time, and if it were not a fact that the

sheriff had apprehended them and that they had an agreement with him that they would furnish five other cases provided he would forget about their cases and they had answered in the negative, then, for the purpose of impeachment, the testimony excluded by the court and complained of in some of the bills of exception might have been admissible. If there was a conspiracy on the part of the sheriff, Russell and Wood to make cases against innocent people including the appellant, such fact, of course, would be admissible, but no predicate was laid by appellant as would justify the introduction of such evidence.

Finding no error in the record which would require a reversal of the judgment, the same is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed an eighteen-page motion for rehearing in which we find a lengthy discussion of the law of entrapment. We are unable to find from the statement of facts in the case any evidence whatsoever of an entrapment. In the first place, the charge does not present an appropriate case for such a defense. Had it been for possessing intoxicating liquor, the opportunity might have been more readily conceivable, but this is for the sale of liquor. The purchaser was an employee of the Liquor Control Board. He testified to nothing that would indicate any scheme or plan to entrap appellant as defined by the courts. While appellant did not testify, he had witnesses who denied the sale at the time alleged and raised the issue of an alibi as his chief defense.

This is a remarkable case of conflicting testimony, common as this is found to be. The case here presented shows a condition the grand jury of Cherokee County could well afford to investigate. W. R. Russell testified that he was employed by the Liquor Control Board; that he lived in Childress County, and gave the times he had been in Cherokee County and the business in which he was engaged there as being official. He said his wife had never been in the county so far as he knew; and that he never had a brother. He also denied in toto statements made by other witnesses as to a visit to Joe Stone's house prior to the purchase of the whisky as alleged. Witnesses for the defense testi-

fied that they had known him and his brother as residents of Lufkin and gave detailed facts concerning his family which were calculated to reflect seriously on his credibility as a witness. This is directly in conflict with Russell's evidence. They further charged that he was engaged with another party in the bootlegging business in the town of Wells and sought to prove that he had been given immunity by the sheriff on condition that he would secure for him five convictions of other parties for selling intoxicating liquor. This charge is rather serious and the truthfulness or untruth of the statements made by the witnesses for both sides can be denied or verified as the facts exist. There is no way to excuse these conflicts and they are on material issues.

The further complaint is made that the original opinion did not discuss appellant's bill of exception No. 11. We think the original opinion unnecessarily went into much detail in discussing several of the bills and then concluded that certain ones, No. 11 being included, had no merit. This bill complains of the failure of the court to declare a mistrial when the witness testified as to the things said to him by appellant at the time he purchased the whisky. In quoting a statement by appellant it was indicated that he had been engaged in the manufacture of liquor at some time. The court sustained an objection to this evidence and instructed the jury not to consider it. The evidence was admissible as a part of the res gestae. Appellant could have had no further complaint because of this; and it is not necessary for this court to discuss it further. In behalf of his contention appellant cites Castillo v. State, 149 S. W. (2d) 114, and quotes at length what is supposed to be from it, but we are unable to find the question discussed in that case. Evidently he intends to refer to some other case inasmuch as the quotation seems to be from some opinion and is sound law under a proper statement of fact. We are unable to give any assistance, however, in reconciling the opinions because of the error in citing it.

Appellant's motion for rehearing is overruled.