PRESTON SOWERS V. STATE.

No. 25,781. April 9, 1952.
Rehearing Denied May 21, 1952.

346

Hon. James C. Spencer, Judge Presiding.

*L. F. Sanders,* Canton, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is a conviction for possessing whisky for the purpose of sale in a dry area, with punishment assesed at a fine if $200 and twelve months in jail under a count in the information charging a prior conviction for an offense of like nature.

Appellant vigorously complains of the action of the trial court in calling his case for trial ahead of and out of numerical order of other cases then pending upon the docket of the court.

A trial judge has the discretion in the matter of calling cases for trial upon the docket of his court, and the exercise of this right will constitute a ground for reversal only when an abuse of that discretion has been shown and injury resulted to the accused thereby. Moore v. State, 94 Tex. Cr. R. 489, 251 S. W. 1086, Johnson v. State, 106 Tex. Cr. R. 482, 293 S. W. 173; Stone v. State, 146 Tex. Cr. R. 70, 171 S. W. 2d 364.

No abuse of discretion is here shown.

Appellant, testifying as a witness, in his own behalf, claimed that the whisky and wine found in his place of business as a result of a search thereof by the officers had been placed there by others and that he had no connection therewith.

Such testimony rendered untenable his objection to the introduction of the evidence of the search, because he had testified to the same fact to which he was objecting—that is, that whisky and wine were found in his place of business. An accused may not complain of the introduction of testimony when he testifies to practically the same facts. Johnson v. State, 118 Tex. Cr. R. 293, 42 S. W. 2d 421; Soble v. State, 153 Tex. Cr. R. 629, 218 S. W. 2d 195.

The troublesome question presented by this record is whether the State proved appellant's prior conviction as alleged in the information.

The second count in the information for the purpose of enhancing the punishment under Article 61, P. C., charged, in effect, that appellant, prior to the commission of the primary offense of possessing whisky for the purpose of sale, had been convicted, in Cause No. 9374 on the docket of said court, on October 10, 1950, in the County Court of Henderson County.

To sustain that allegation, the State offered in evidence the judgment in Cause No. 9374, wherein the State of Texas was plaintiff and Preston Sowers, defendant, as follows:

"THE STATE OF TEXAS     Charge Transporting Intoxicating Liquor to-wit: Whisky in a dry area     Date 10-10-1950
VS.     NO. 9374
"PRESTON SOWERS

"This day this cause was called for trial, and both parties appeared and announced ready for trial, and the defendant Preston Sowers after being duly admonished of the consequences thereof by the Court, pleaded guilty to the charge herein, and waived a trial by jury and submitted his cause to the Court. Wherefore it is considered by the Court, that the defendant is guilty as charged, and his punishment is assessed at a fine of NO fine and Court Costs, and forty five days' imprisonment in the county jail.

"It is therefore considered and adjudged by the Court, that the State of Texas do have and recover of the defendant Preston Sowers the said fine of No Fine - - - Dollars and all costs of this prosecution and that he be imprisoned in the County Jail of Henderson County, Texas, for 45 days, and the defendant being present in Court is placed in the custody of the Sheriff who will commit him forthwith to the jail of said county until said period of imprisonment has expired, and thereafter--until said fine and costs are fully paid. It is further ordered by the Court that execution may issue against the property of said defendant for the amount of said fine and costs."

We hold the nature of the charge set forth opposite the style of the case to be an integral part of the judgment and that the judgment, when construed as a whole, clearly shows that appellant was, on October 10, 1950, convicted in Cause No. 9374, of the offense of transporting intoxicating liquor in a dry area, as charged in paragraph 2 of the information.

Appellant contends that he was not shown to have been the same individual who was convicted in the prior judgment. We quote from the testimony of Mr. Day, who had represented the state in Cause No. 9374, the prior conviction alleged, as follows:

"Q 1. Was Preston Sowers in court, or did he appear by attorney? A. He appeared by attorney. I am not sure whether he was here or not.
"Q 2. That man sitting over there is Preston Sowers? A. Yes.
"Q 3. Is he the same man that appeared in this court in cause No. 9374 on the 10th day of October, 1950? A. His attorney did for him.
"Q 4. That is the same man that you filed on? A. Yes.
"Q 5. I would like to ask you whether or not he got a forty-five day sentence? A. Yes.
"Q 6. That is the same man? A. Yes.

The judgment recites, as shows above, that appellant appeared in person. Whether he appeared in person or by attorney is not the issue to be proven and is immaterial. We feel that the sole issue of appellant's identity as being the individual who was convicted in Cause No. 9374 was sufficiently established by the above testimony.

Appellant, testifying in his own behalf, claimed that the prior conviction was for reckless driving. Thus, the issue of the fact

was submitted to the jury for their determination, and they found against appellant.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR RHEARING.

DAVIDSON, Judge.

Appellant insists that under the facts here presented, the trial court abused his discretion in calling this case for trial out of its numerical order.

This insistence is based, primarily, upon the showing made of the large number of cases against appellant and undisposed of on the docket of the court, prior to the instant case both in point of time of the commission of the offense alleged and of the institution of the prosecution, all of which cases appellant insists he was entitled to have disposed of before the trial of this case in order that he be not prejudiced by such fact.

The instant record does not reflect that any reference was made to the other pending cases against appellant, or that the state in any manner utilized the fact that those cases were pending against appellant in obtaining this conviction.

The right is not accorded to the accused to direct when, where, or how he is to be tried for an offense charged against him. Such matters must of necessity rest largely with the state. Errors claimed to have occurred in the exercise of that right by the state must necessarily depend upon a showing of injury resulting from an abuse of discretion by the trial court.

Other matters arising upon the appeal have been examined again and we remain convinced that a correct conclusion was reached originally. The motion for rehearing is overruled.

Opinion approved by the court.