## CARL WYNNE V. STATE

No. 27,838. December 7, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 18, 1956

*E. A. Blair,* Lubbock, for appellant.

*George Gilkerson,* County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted under the first count of the information of unlawfully selling whisky in a dry area with a prior conviction alleged to enhance the penalty, and assessed punishment of one year in jail; and under the second count, of another separate and distinct offense of selling whisky in a dry area, assessed punishment of $1000.00 fine.

State Liquor Control Board Inspectors, E. L. Brewer and Willard M. Richardson, testified that they each purchased a pint of whisky from the appellant at the Rainbow Inn located in Lubbock County, Texas.

Appellant did not testify, but offered three witnesses who testified in support of his defense of alibi that he was in Fort Worth at the time of the alleged sales.

It was stipulated that Lubbock County was a dry area.

In proof of the prior conviction, alleged to enhance the penalty under Count No. 1, the state offered in evidence a judgment rendered in the county court at law of Lubbock County, Texas, dated June 6, 1953, in Cause No. 18,137, styled The State of Texas vs. Carl Wynne, in which the defendant in the cause was adjudged guilty of the offense of possession of whisky and beer for the purpose of sale in a dry area, and in proof of the appellant's identity as being the same person who was convicted in said cause, Bill Hart, assistant district attorney, testified that on June 6, 1953, he was the assistant county attorney of Lubbock County and was in attendance in the county court at law on such date. After identifying the judgment entered in Cause No. 18,137, the witness testified:

"Q.   Were you in the court at the time that Carl Wynne was convicted under that judgment? A.   Yes, I was.

"Q.   All right, now, do you see Carl Wynne in the courtroom today? A.   Yes, that fellow with the colored glasses on, the shirt, a sport shirt.

"Q.   Mr. Hart, tell the jury just whether or not this Carl Wynne is the same person as was in the courtroom at the time that judgment was entered. A.   Yes, he is the same person.

"Q.   You were present at the time? A.   Yes."

Appellant objected to that portion of the court's charge

which submitted to the jury the question of his prior conviction in Cause No. 18,137 on the ground that there was no evidence that he was the same person who was convicted in the prior case.

We think that the record and the testimony above quoted are sufficient to identify the appellant as the same person who was convicted in the prior case alleged, and that the court did not err in submitting to the jury the question of the prior conviction in connection with the enhancement of punishment under Count No. 1.

In the case of Sowers v. State, 157 Tex. Cr. R. 345, 248 S. W. (2d) 949, similar testimony of a prosecuting attorney was held sufficient to establish the identity of an accused as being the individual who was convicted in the prior case.

We perceive no reversible error in the court's action of permitting inspector Brewer to testify that his purpose in going to the Rainbow Inn was to catch "a 'bootlegger,' any bootlegger, to buy whisky," over the objection that such inquiry called for a conclusion and was irrelevant and immaterial.

The witness had identified himself before the jury as an inspector with the Texas Liquor Control Board and testified that in such capacity he had acted as an undercover agent. The jury was informed by the stipulation that Lubbock County was a dry area and the witness did not testify that his purpose was to catch the appellant, but to catch any bootlegger. Under these admitted facts, the answer of the witness as to why he went to the Rainbow Inn could not have prejudiced the jury against the appellant.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.