UNITED STATES of America,
Plaintiff-Appellee,

v.

Rafael RUIZ, Defendant-Appellant.

No. 75–3249.

United States Court of Appeals,
Fifth Circuit.

June 18, 1976.

Rehearing and Rehearing En Banc
Denied Sept. 21, 1976.

Joseph Mincberg, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Joel C. Fanning, Stephen M. Pave, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before DYER, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

Ruiz appeals his heroin conviction contending that the refusal of the district court to grant a continuance and counsel's motion for leave to withdraw, was a denial of due process and rendered the trial fundamentally unfair. We affirm.

Ruiz was indicted and arraigned about four months prior to trial. Thereafter, three months prior to trial, his counsel, Estrumsa, was arrested on a fugitive warrant

arising out of a bribery charge in New York. Because of this development the district court granted one continuance two months before trial. During the course of Ruiz' trial Estrumsa was again arrested on a state of Florida Governor's warrant and placed in custody as the first step in his extradition proceedings. He was released, however, so that he could continue his representation of Ruiz. Estrumsa informed the court that he could not proceed because he was in a state of "emotional shambles." The trial, at this point, had been substantially completed. All that remained was Estrumsa's cross-examination of a government witness and closing arguments. As the district court noted, no more than an hour and a half was necessary to complete the trial and send the case to the jury. The case was not complex; it primarily involved the credibility of a government informer. Moreover, Estrumsa had known about his personal problems for three months, yet took no steps to obtain replacement counsel because Ruiz wanted Estrumsa to continue to represent him. The district court refused to grant a continuance or to allow Estrumsa to withdraw as counsel.

 We can find no abuse of discretion in the district court's decision to continue with and complete the trial. Estrumsa offered no medical reports concerning his condition, proffered no corroborative testimony or affidavits, and did not request a hearing concerning his condition. He offered only his own unsupported statement that he was too emotionally upset to continue with the trial. It is elementary that

> [t]he matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. [citation omitted] . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. [citations omitted].

*Ungar v. Sarafite*, 1964, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931. *Accord, United States v. Moriarty*, 5 Cir. 1974, 497 F.2d 486.

The predicament Estrumsa found himself in was not a surprising, unanticipated event. He, Ruiz, the prosecutor, and the Court had known for months that Estrumsa had been criminally charged and would likely have to face trial in New York but he made no attempt to substitute counsel. Cf. *United States v. Maxey*, 2 Cir. 1974, 498 F.2d 474. Moreover, the trial issues were not complex, and the trial was substantially over at the time Estrumsa moved to withdraw. We cannot fault the trial court, in these circumstances, for requiring Estrumsa to complete the trial.

In any event, after the denial of leave to withdraw, the record clearly reflects that Ruiz was effectively represented by Estrumsa. We are convinced that Ruiz received a fair trial.

Finally, we find without merit Ruiz' contention that the prosecutor made prejudicial and inflammatory comments in his closing argument to the jury. The judgment of the district court is

AFFIRMED.