**Curtis MITCHELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–023–CR.**

Court of Appeals of Texas, Fort Worth.

March 16, 1983.

Marvin D. Snodgrass, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

JORDAN, Justice.

Appellant, Curtis Mitchell, was convicted by a jury of the offense of aggravated robbery with a deadly weapon. V.T.C.A. Penal Code, sec. 29.03. That jury assessed punishment at twenty-five (25) years imprisonment.

We affirm.

Mitchell's first ground of error alleges that the trial court erred in denying his Motion for Continuance and the State's request to have companion defendant Brown tried prior to Mitchell. His second ground of error complains that the court erred in allowing the State to improperly cross-examine Mitchell's character witnesses during the punishment phase of trial.

Mitchell was arrested and charged along with two companions, Harold Eugene Brown, and Joe Portly. All three companion cases were set for trial for the fourth time on January 25, 1982. The trial court apparently originally intended to try Brown first, but stated that it had not made representations to anyone concerning which case would be tried first. The three defendants could not agree upon an order of trial.

Brown filed a motion to have co-defendant Mitchell tried first. This motion alleged that Mitchell had promised Brown that Mitchell would testify on behalf of Brown, and that this testimony by Mitchell would present exculpatory evidence in favor of Brown. Brown testified that this evidence would be to the effect that Brown did not have any part in the alleged robbery, and did not have a weapon at the time when the robbery allegedly occurred. Mitchell took the stand to give evidence in a

hearing upon Brown's motion. Mitchell refused to incriminate himself. He would not say what subjects he had told Brown he would testify to at Brown's trial (which might be exculpatory as to Brown and/or incriminating to himself). He did admit to a conversation with Brown and another conversation with Brown's attorney, and that what he had told Brown's attorney was true. The court asked Mitchell whether he would ever be willing to testify as to the facts of the instant case in Brown's case. Mitchell said he would not, regardless of the outcome of his own case. Brown's counsel testified that he expected that after the disposition of Mitchell's case, Mitchell would testify on Brown's behalf, and that Mitchell was the only person who could make this exculpatory information known to the court.

Mitchell's first ground of error alleges that the trial court erred in denying his Motion for Continuance and the State's request to have defendant Brown tried prior to defendant Mitchell. In numerous places, the record indicates that the court relied in part for its decision that Mitchell should be tried before Brown upon *Whitmore v. State,* 570 S.W.2d 889 (Tex.Cr.App.1976). *Whitmore* stands, inter alia, for the proposition that "[a] defendant may not call as a witness a co-defendant who has indicated he will assert his privilege against self-incrimination under the Fifth Amendment ... However, after the witness has been convicted or acquitted that witness' testimony then becomes available." (at 896).

Motions for Continuance must be both written and sworn. V.A.C.C.P. art. 29.03 and art. 29.08. The record does not contain a motion (oral or written) for continuance by Mitchell based upon a request that a co-defendant be tried before trial of Mitchell. Therefore, Mitchell's motion, if made at all, was not preserved for our review. However, the record does contain an exchange between Mitchell's counsel and the court, wherein the court asked for any evidence counsel might wish to present upon which the court could base its decision of which defendant would be tried first, in response to defendant Brown's motion.

Counsel had no evidence to offer in response to Brown's motion. The State indicated that it desired to try Brown first. The court heard Brown's motion and evidence in support thereof, as delineated above, and then ruled that the trial of Mitchell would precede that of Brown. The court then delayed trial until the following day in order that counsel could have more time to prepare for trial. The question thus becomes whether the trial court abused its discretion under V.A.C.C.P. art. 36.10 in granting Brown's Motion for Continuance, rather than in denying Mitchell's motion.

Mitchell's brief in support of his first ground of error is based largely upon federal decisions reviewing possible due process violations occasioned by a denial of a defendant's Motion for Continuance by the trial court in unusual situations. However, those very cases make it clear that:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

> \*     \*     \*     \*     \*     \*

> These matters are, of course, arguable, and other judges in other courts might well grant a continuance in these circumstances. But the fact that something is arguable does not make it unconstitutional. Given the deference necessarily due a state trial judge in regard to the denial or granting of continuances, we cannot say these denials denied [petitioner] of due process of law.

> \*     \*     \*     \*     \*     \*

Due process demands that the defendant be afforded a fair opportunity to obtain the assistance of counsel of his choice to prepare and conduct his defense. The constitutional mandate is satisfied so long as the accused is afforded a fair or reasonable opportunity to obtain particular counsel, and so long as there is no arbitrary action prohibiting the effective use of such counsel. (citations omitted.) *Gandy v. State of Alabama,* 569 F.2d 1318, 1322 (5th Cir.1978).

\* \* \* \* \* \*

The denial of a continuance is within the discretion of the trial judge, e.g., *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1946); *U.S. v. Sahley,* 526 F.2d 913 (CA5, 1976); *U.S. v. Gidley,* 527 F.2d 1345 (CA5, 1976); *U.S. v. Ruiz,* 533 F.2d 939 (CA5, 1976), and will be disturbed on appeal only on a clear showing of abuse of discretion by the trial court, e.g., *U.S. v. Moriarity, [Moriarty]* 497 F.2d 486 (CA5, 1974); *U.S. v. Harper,* 505 F.2d 924 (CA5, 1974). Whether a trial court has abused this discretion is decided on a case-by-case basis in light of the circumstances. *Ungar; McKinney v. Wainwright,* 488 F.2d 28 (CA5, 1974); *U.S. v. Uptain,* 531 F.2d 1281 (CA5, 1976). Of particular importance are the reasons for continuance presented to the trial court. *Ungar & Uptain.* A request for continuance should be advanced with all specificity and detail feasible under the circumstances and presented as early as possible. *Uptain. U.S. v. Albert,* 595 F.2d 283, 286 (5th Cir.1979, *rehearing denied.*)

\* \* \* \* \* \*

In the cases involving (allegations of) abuse of discretion, however, we find our starting point for analyzing this problem. First we note that the approach to cases involving abuse of discretion in failure to grant a continuance are subject to no mechanical resolution. *Ungar, supra,* and depend for their answer on the circumstances present in every case, *Uptain, supra.* We also note that other circuits have, in deciding whether a denial of a

motion for continuance amounted to a Due Process denial, considered both abuse of discretion and whether manifest injustice would result if the trial continued. *Cf. United States v. Collins,* 435 F.2d 698 (7 Cir.1970). *White v. Estelle,* 566 F.2d 500, 503 (5th Cir.1978, *rehearing denied.*)

We have examined the record in search of possible due process violations occasioned by the trial court's action in granting Brown's motion and consequent ruling that Mitchell would be tried first. We have found none, and we cannot say that manifest injustice resulted from the ruling of the trial court. As *Gandy, supra,* points out, other judges might well have ruled that Mitchell would not be tried prior to Brown, or granted Mitchell a continuance even should he be tried first, but that argument does not make the instant ruling a violation of due process.

We now turn briefly to the established state law concerning this issue.

[T]he defendants may agree upon the order in which they are to be tried, but if they fail to agree, the court shall direct the order of trial. V.A.C.C.P. art. 36.10.

\* \* \* \* \* \*

The order in which cases are called for trial, unless such cases have been previously set for a certain date, rests largely within the discretion of the trial court; and unless it is made to appear that the court has abused his discretion with respect thereto to the injury of the appellant, this court would not be authorized to reverse the case by reason thereof. (Citations omitted.) *Stone v. State* [146 Tex.Cr.R. 70], 171 S.W.2d 364, 367 (Tex. Cr.App.1943).

■ *See also, McClain v. State,* 432 S.W.2d 73, 75 (Tex.Cr.App.1968, *rehearing denied*) and *Lafoon v. State,* 543 S.W.2d 617, 621 (Tex.Cr.App.1976, *rehearing denied.*) When the three defendants could not agree upon the order of trial, it became the duty of the trial court to exercise his discretion and order the trial to proceed as his judgment might dictate. *Alford v. State,* 143 Tex.Cr.R. 57, 157 S.W.2d 391, 392

(Tex.Cr.App.1941). It does not appear from the record that the trial court abused his discretion with respect thereto to the injury of appellant Mitchell. We therefore sustain the decision of the trial court, and overrule ground of error one.

Mitchell's second ground of error complains that the trial court erred in permitting the State to improperly cross-examine defense witnesses, Water, Powers, and McCuin during the punishment phase of trial. Specifically, Mitchell maintains that each of these three witnesses were character witnesses, and that each were improperly addressed with "have you heard" type questions concerning prior extraneous offenses allegedly committed by Mitchell. The State, in its brief, accepts this position as the basis for discussion of this ground of error, and offers us the case of *Childs v. State,* 491 S.W.2d 907 (Tex.Cr.App.1973), standing for the proposition that such questions are not error when offered in good faith and posed only to show that the knowledge of the witness was incomplete as to the character traits of the accused. To begin with, the record demonstrates that Water, Powers, and McCuin were not character witnesses at all, but rather were called to establish Mitchell's "reputation in the community in which he resides as being a peaceful and law abiding citizen." Thus, they were all "reputation" witnesses, not "character" witnesses, and the questions asked of them were within the proper scope of the State's cross-examination.

Furthermore, "*Childs v. State, supra,* was overruled by the Court in *Ward v. State,* 591 S.W.2d 810, 818 (Tex.Cr.App. 1978), when it was determined that 'the fallacy in the *Childs* rule is that it ignores the difference between character and reputation,' id., at 817. That difference was being explained contemporaneously by the Court in *Livingston v. State,* 589 S.W.2d 395 (Tex.Cr.App.1979), and the lessons of both have since been consistently followed to find error in permitting a witness who testified on personal knowledge or as to character to be cross-examined with questions allowed only to a reputation witness.

(Citations omitted.) It is no longer a matter of 'opening the door,' but one of determining whether the testimony given by a witness on behalf of an accused at the punishment hearing goes to the *reputation* of the latter, rather than known character traits." *Johnson v. State,* 633 S.W.2d 888, 891–892 (Tex.Cr.App.1982). As we noted above, the testimony given by the three witnesses went to Mitchell's reputation, rather than to his character traits, and the questions put to them were proper. We therefore overrule Mitchell's second ground of error.

The judgment is affirmed.