## FLOSSIE HENDERSON V. THE STATE.

No. 20398. Delivered May 3, 1939.

The opinion states the case.

*Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of theft of property under the value of $50 and over $5. Her punishment was assessed at confinement in the county jail for a period of 60 days and a fine of $100.

It appears from the transcript that the complaint and information was filed in the County Court of Young County on December 5, 1938, charging her with theft of property of the value of $25.50. She was arrested by the sheriff on said day at four p. m. and placed in jail. On the following morning, she was brought before the court and required to plead to said charge. The judgment recites that she waived a jury and entered a plea of guilty—which resulted in her conviction and punishment as above stated.

After her conviction, appellant secured the services of an attorney, who in due time filed a motion for a new trial, stating in said motion that appellant was not guilty, but was induced to enter a plea of guilty under threats and duress on the part

of the sheriff. The order overruling the motion shows that the court, in the absence of appellant, heard, considered and overruled the same. The order recites that the court heard evidence on the matters therein stated.

Art. 580 C. C. P. reads as follows: "In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. * * *"

Under this Article, it was error for the court, in the absence of appellant, to hear, consider and overrule the motion. See Sweat v. State, 4 Tex. Crim. Rep., 617; 12 Tex. Juris., Sec. 214, p. 520, and Sec. 217, p. 526.

It might not be amiss to state here that an accused should be accorded a reasonable time to engage and confer with counsel before being required to plead.

For the errors hereinabove discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.