MRS. G. L. STEWART V. THE STATE.

No. 20400. Delivered May 3, 1939.

40

The opinion states the case.

*Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft; punishment, a fine of $100 and confinement in jail for 60 days.

The court declined to approve appellant's bill of exception No. 1, with the statement, over the court's signature, that the bill was refused. No reason was stated for the court's action. Also, in connection with the refusal, it is shown that the court ordered the bill filed. The procedure to be followed by the trial judge when the bill of exception is prepared and presented to him within the time allowed by law for filing it is provided by statute. Where a bill is prepared by the appellant and presented to the trial judge in time, it is his duty, if he does not agree with the correctness of the bill, to file with it a bill which presents the true record. This affords the appellant the opportunity to prepare and file a bystanders' bill. When the trial judge fails to adopt such procedure and orders a bill filed which is marked "refused," the appellant is entitled to either have the bill considered or have a reversal because it is denied him. It has been the practice of this court under such circumstances to considerer the bill. See Rosa v. State, 218 S. W. 1056, and authorities cited, and Blackshear v. State, 58 S. W. (2d) 105.

Considering the bill of exception, it appears therefrom that appellant was not present in court when the case against her was tried; and, further, that she was absent during all of the proceedings. Art. 580, C. C. P., reads in part, as follows: "In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail." Under this article it was error for the court, in the absence of the appellant, to try the case against her, as part of the punishment was imprisonment in jail. See Flossie Henderson v. The State, Opinion No. 20398, this day delivered. (Page 18 of this volume.)

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.