## CHARLEY GRAY V. THE STATE.

No. 20703. Delivered January 24, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*Oscar Callaway,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is statutory rape. The punishment assessed is confinement in the state penitentiary for a term of 11 years.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction. The questions of force, threats and want of consent do not enter into the case as an element of the offense, inasmuch as the indictment charged rape of a girl under eighteen years of age. Hence the only question is whether the proof shows that appellant had an act of sexual intercourse with her—i. e. if penetration was sufficiently established. The State relied entirely on her testimony to establish this element, and if her testimony was entitled to be believed by the jury, the offense would be established. The *competency* of the prosecutrix to testify was not ques-

tioned by appellant. It is his contention that her testimony is so unsatisfactory in every respect that she was not entitled to be believed. She was 13 years of age.

Prosecutrix testified that she met appellant on the square in the town of Comanche, and that he took her to his apartment and there had intercourse with her. Appellant took the stand and denied the act of intercourse, but admitted seeing her on the date in question and walking with her.

On cross-examination, prosecutrix testified as follows: "I can count to one hundred, and could count more, but just don't want to. I do not know how to tell what time it is by the clock. * * I have no knowledge of time at all * *. That is as much as I know about time. When I was in the house * * he went out the front door three times. He got the hamburger and brought it back and gave it to me, and went back and got a piece of pie while I was eating that * *. Then he got a cold drink. * * No, I wouldn't tell my daddy and mother where I went that night. Mr. Bedecker took me in the car and I told him. He just asked me and I told him. My mother and father asked me and I wouldn't tell. I told my mother and father about it the next morning after the kids went to school."

Dr. Gray testified that on Wednesday following the Sunday at which time the alleged rape occurred, he examined the prosecutrix and found some irritation of her privates. He further testified as follows: "It was larger than it should be. I recognized that something had been in there many times before. I so stated to her mother. I found no internal soreness. The child is of a very low grade of mentality. I would say she had the mentality of a child of about five or six. I found that she just followed me in whatever suggestions I made. I wouldn't think she could be relied on. I asked her a few questions and I noticed she didn't know exactly what she was saying. Her understanding wasn't as good as it should be at her age. At thirteen she ought to be able to answer questions pretty quick and know what you are talking about. She is older in years than in mind. * * I would not place her in the class of a lunatic, but in the class of feeble-minded or imbecile."

Her father testified that he considered the child as having nearly normal mentality; that from his observation of her at home he knew she could tell time and that she made fairly good grades in school. On direct examination the prosecutrix testified that she knew she was under oath and couldn't tell anything but the truth; that she would break the law if she

did not. She testified coherently as to the act, designated the place where it occurred and identified appellant as the man who penetrated her female organ. The examination by Dr. Gray revealed that she had been recently penetrated.

If her testimony is worthy of credit and could be believed by the jury, the evidence is sufficient to sustain appellant's conviction. We do not believe that the evidence would justify our holding that her mental condition was such that her testimony was without probative force and not entitled to any credit. It is probably true that she was mentally subnormal; nevertheless she related many facts and circumstances which were found to be true, or which were admitted by appellant to be true. He admitted that he met her up town when looking at some painted chickens, and that later he was with her near the depot and from there went west with her. She said that he had a cot and some magazines in the room and that was true. She stated that appellant entered the shooting gallery at the front door and opened the back door from the inside to permit her to enter. It was shown that the back door could not be opened from the outside as the screen door was fastened from the inside of the building. Appellant admitted that he got a hamburger and a soda water on the evening in question at about the time related by the prosecutrix. She said that after the act her clothes were wet at the back, and in this she was corroborated by her mother, who subsequently examined the clothes. It is true that she at first declined to tell her mother where she had been and what she had done. In fact she told a lie about it, but testified that the reason she did not tell the truth was that she was afraid her mother would whip her. She seems to have had sufficient mental capacity to realize that she had done wrong and expected to be chastised for so doing. To avoid punishment, she told a lie. This was the most natural thing for a child to do. No charge of lunacy had been filed and no adjudication of her mental condition had been had; consequently the question of her credibility as a witness and the weight to be given to her testimony was one for the jury. Under the circumstances as shown by this record, we think the jury was justified in finding that her testimony was sufficiently reliable to establish penetration. See by analogy Nichols v. State, 270 S. W. 555. The authorities relied on by appellant are either cases where force, threats and want of consent were issues, or where the prosecutrix on cross-examination repudiated her story as related on examination-in-chief. Neither line of authorities are applicable to the facts of this case. See McCormick & Ray, Tex. Law of Evi. p. 421.

Bills of exceptions numbers two and three complain of certain remarks by the district attorney in his closing argument to the jury. We do not think the argument complained of, under the peculiar facts of this case, revealed error of a reversible nature. They seem to have been proper deductions from, and a comment upon testimony which showed an act of intercourse by a grown man upon a feeble-minded girl. See Tweedle v. State, 16 S. W., 544. Bill of exception number four is deficient in that it fails to show what answer, if any, the witness made to the question. Holder v. State, 18 S. W. (2d), 661, 4 Tex. Jurs. p. 323.

Bill number five complains of the testimony of prosecutrix's father to the effect that on Tuesday following the Sunday of the alleged occurrence, the prosecutrix pointed appellant out as the person who had had sexual intercourse with her. We think this testimony was admissible. She did not know his name, but did know and recognize him by his physical appearance, and it was permissible for her father to testify that she was able to identify him some two days later.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

No error of a reversible nature appearing, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends in his motion that the testimony of the thirteen year old girl is so meagre and unsatisfactory that same does not comport with human experience, and is too vague and indefinite to allow a verdict of the jury predicated thereon to stand.

It seems to be true that this girl was probably not fully mentally developed in keeping with her age, and did not seem to be as alert mentally as could be expected of one of her age. The story told by her was not given when she was first requested to tell what she had been doing during the time she was absent from her home on the afternoon and night of the alleged offense herein charged. But when her story was told,

much of it was corroborated by others. She was seen in appellant's company, he a married man, whose wife was absent, and she a weak-minded girl, and her testimony also found corroboration in the fact that others sold to appellant a hamburger and a coca cola, which appellant took away with him, contrary to his usual custom of consuming the same at the place purchased.

The jury saw this little girl and heard her testimony; they seemed to have given credence thereto, and we see nothing so improbable therein that we would be justified in setting their verdict aside.

The motion is overruled.