ELISEO (CHICO) PADILLO V. STATE.

No. 26,801. February 17, 1954.

Hackney & Crawford, by Morgan L. Copeland, Brownfield, for appellant.

Vernon A. Townes, Jr., County Attorney, Brownfield, and Wesley Dice, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with the unlawful possession for the purpose of sale of certain intoxicating liquors in Terry County, Texas, a dry area.

The complaint and information also contain a further count relative to the appellant having been convicted prior thereto in the same county court for an offense of like character. The jury returned a verdict of guilt as charged in the complaint and information and assessed the punishment at confinement in the county jail for a period of 180 days and a fine of $2,000.00.

We are early met with the stipulation signed by the county attorney of Terry County, as well as the attorney for the appellant, in which it was agreed that in the prior case pleaded in this complaint and information the appellant was convicted of the unlawful possession of an alcoholic beverage, to-wit,

whisky, in a dry area for the purpose of sale; that on the date of the trial of the previous case, same being No. 3284 in the same court, the appellant made no personal appearance whatsoever at the trial thereof and was not present in court at any stage of such trial; that the defendant's attorney was allowed to, and did, plead guilty to said offense for the defendant, Eliseo Padillo, who was then and there convicted and sentenced to jail for 60 days without having been present at said trial and without having personally entered a plea of guilty to said offense.

The introduction of testimony relative to said previous offense was objected to and a bill of exception reserved to its introduction. The trial court overruled such objection and the same is present in the statement of facts.

Article 580, Vernon's C.C.P., reads as follows:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

It has been held relative to said article that the failure of the appellant to appear and plead in a misdemeanor case where the punishment can be imprisonment in jail renders the trial void. See Washington v. State, 52 Tex. Cr. R. 323, 106 S.W. 361; Stewart v. State, 137 Tex. Cr. R. 39, 127 S.W. (2d) 903; Henderson v. State, 137 Tex. Cr. R. 18, 127 S.W. (2d) 902; Cain v. State, 15 Tex. App. 41. See also annotations under Article 580, C.C.P., in Texas Digest, Vol. 12, Crim. Law, p. 286.

If the proceedings had in the prior convictions were void, and the decisions seems to so hold, then we think that it was error for the court to have allowed the introduction of the same upon the trial in the present instance.

We cannot say that the matter was not considered by the jury because of the fact that appellant received a fine of $2,000.00, which was much greater than a fine for a single conviction without any enhancement in the pleading. If the enhancement was void, then the appellant has been damaged in the trial

of his case, and we think the same should not have been admitted therein.

Thus believing, the judgment is reversed and the cause remanded.

MORRISON, Judge (Concurring).

In view of the fact that in writing for the court I have recently, in Sowers v. State, 157 Tex. Cr. Rep. 345, 248 S. W. 2d 949, said something which might be construed as contrary to the conclusion reached by Judge Graves, herein, I deem it necessary to make my position clear. I have reviewed the record in the Sowers case and find that nowhere, by bill of exception or objection, was our attention directed to the contention now before us in this case. The objection to the introduction of the judgment in the Sowers case was, "This is pertaining to another case. It is just done for the purpose of biasing and prejudicing the minds of the jurors."

In that case the judgment recited that the appellant was present and Mr. Day testified for the state, "I am not sure whether he was here or not." The appellant did not pursue the matter in cross-examination or raise the question on motion for new trial and did not present oral argument on the appeal. The opinion in the Sowers case says, "Whether he appeared in person or by attorney is not the issue to be proven and is immaterial." What we should have said then was that no issue was made in the trial court as to whether the accused had been present. The above quoted sentence does not represent an accurate statement of the law generally.

I readily confess my error and align myself with the views as expressed in Judge Graves' opinion.

The doctrine of confrontation in all cases where imprisonment is part of the punishment actually meted out is too well rooted in our jurisprudence to tolerate any encroachment. An accused cannot be confronted with the witnesses against him unless he himself is there.

This court has held in several cases that when the accused voluntarily absented himself during the course of the trial the statute has not been violated. We agree with such holdings, but do not think them controlling. In each such case the accused

was present when the charge against him was read and when the evidence against him was adduced. These are the constitutional guaranties which we think must be protected.

As I view the law, Article 518, C. C. P., which authorizes a plea of guilty by an attorney, must be read in connection with Article 580, C. C. P., which requires the presence of the accused "in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail."

I agree that the judgment should be reversed.

WOODLEY, Judge (Dissenting).

The sole basis for the reversal of this conviction is that the jury was permitted to and did fix a punishment not authorized by law for first offenders, such enhancement being by virtue of Art. 61 P.C. because of a previous conviction for a like offense alleged and proved.

The basis for the conclusion that the prior conviction was not available to the state under Art. 61 P.C. is stated to be that the prior conviction is void because of the failure of the defendant to appear in person and plead, as required by Art. 580 C.C.P.

Stewart v. State, 137 Tex. Cr. Rep. 39, 127 S.W. 2d 903, holds that under Art. 580 C.C.P. it was error for the court to try the case in her absence, as a part of the punishment was imprisonment in jail.

Henderson v. State, also reported in 137 Tex. Cr. Rep. 18, 127 S.W. 2d, p. 903, and the authorities cited in the majority opinion are to the same effect.

The holding of my brethren goes much further and condemns the prior conviction as void. This is the same holding which was declared, in Ex parte Casas, 112 Tex. Cr. Rep. 100, 13 S.W. 2d 869, to be erroneous. See also 12 Tex. Jr. p. 518, Sec. 213.

Even though the court was without jurisdiction of the person of the accused, it appears to be the law in most jurisdictions that the defendant may waive his right to be present. See 22 C.J.S. p. 258, Cr. Law, Sec. 161.

The rule that the defendant may waive such right to be

present appears in 12 Tex. Jur. p. 518, Sec. 213. where it is also said "His absence only renders the proceeding voidable, however, and not void." Ex parte Cassas, supra.

The statute in question, Art. 580 C.C.P., requiring the presence of the accused "at the trial" applies to "misdemeanors where the punishment or any part thereof is imprisonment in jail" as well as to felonies. Other statutes specifically provide that the defendant in a misdemeanor case may be absent during part of the trial.

He need not be present when the jury, after retirement, communicates with the court, asks and receives additional instruction, or has the testimony of a witness reproduced. Arts. 676, 677, 678 and 679 C.C.P.

His presence is not required when the verdict is received (Art. 692 C.C.P.) or when the judgment is rendered, Art. 782 C.C.P.

A different rule exists in each of these instances where the trial is for a felony.

The question of the constitutional right of an accused to be confronted by the witnesses against him is not before us. It is not shown that any evidence was offered by the state and none was necessary. Art. 518 C.C. P.

Even so, an accused may waive this constitutional right. Allen v. State, 16 Tex. App. 237; Robinson v. State, 82 Tex. Cr. Rep. 570, 200 S.W. 162.

This statute (Art. 518 C.C.P.) authorized the plea of guilty to be entered by the attorney for the accused. Also, as stated, the rendition of the judgment in his absence was in accord with Art. 782 C.C.P. It follows that the majority opinion condemning the judgment as void must rest on the stipulation that the defendant was not personally present when his plea of guilty was entered by his attorney.

Appellant accepted the judgment imposed on his plea of guilty to the prior offense, which plea was made by his attorney. He satisfied the judgment, which necessarily means that he served the jail term and paid the costs. If his presence at

the time of the plea could be waived, it undoubtedly was waived by the defendant when he accepted and satisfied the judgment.

Art. 11 V.A.C.C.P. provides that "The defendant in a criminal prosecution for any offense, may waive any right secured to him by law except the right of a trial by a jury in a felony case when he enters a plea of not guilty."

Even where the question is raised on appeal in a felony conviction it has been held that a defendant may waive his right to be present. Benavides v. State, 31 Tex. Cr. Rep. 173, 20 S.W. 369, and other cases cited in Ex parte Cassas (on rehearing), see also Ballou v. State, 113 Tex. Cr. Rep. 493, 22 S.W. 2d 666.

The rule as to an erroneous prior conviction is thus stated in 24 C.J.S. p. 1156 (Criminal Law, Sec. 1961) "That the prior conviction was erroneous will not prevent the operation of the statute authorizing a more severe punishment upon a subsequent conviction, unless the court in which the prior conviction was obtained had no jurisdiction."

The prior conviction was alleged for enhancement of punishment purposes. It is but an historical fact to show the persistence of the accused and the futility of ordinary measures of punishment related to him. It was pleaded and proved only for the purpose of guiding the jury in affixing the punishment in the event of a present conviction. Sigler v. State, 143 Tex. Cr. Rep. 220, 157 S.W. 2d 903; Ellison v. State, 154 Tex. Cr. Rep. 406, 227 S.W. 2d 545; 24 C.J.S. p. 1143.

Our decision in Sowers v. State, 157 Tex. Cr. Rep. 345, 248 S.W. 2d 949, is in line with the views expressed and should not be overruled.

Believing that the trial court did not err in permitting the jury to use appellant's prior conviction in assessing the punishment, I respectfully enter my dissent.