Alvin Martin STROEBEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 35690.

Court of Criminal Appeals of Texas.

April 17, 1963.

Richard D. Bird, Childress, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $125.00.

Our able State's Attorney confesses error, and we agree.

Bill of exception No. 2, filed within the 90 days but not acted upon by the trial court within the 100 days provided by Article 760d, Vernon's Ann.C.C.P., reflects that appellant who had never before been involved in any criminal transaction, had no experience in the trial of criminal cases, was arrested one evening and brought before the judge the following morning, at which time he requested that the trial court grant him reasonable time to engage and confer with counsel, and the court refused such request and forced appellant to trial.

It is axiomatic that an accused should be accorded a reasonable time to engage and confer with counsel before being required to plead. Henderson v. State, 137 Tex.Cr.R. 18, 127 S.W.2d 902.

The judgment is reversed, and the cause is remanded.