

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 23, 1965

Honorable Clint Starr
County Attorney
Midland County
Midland, Texas

Opinion No. C-549

Re: Whether a defendant must be present in person to enter a plea of guilty to a misdemeanor, punishable by a fine and/or jail time, and related questions.

Dear Sir:

Your recent letter requested the opinion of this office on six questions which read as follows:

"(1) Must a defendant be present in person to enter a plea of guilty to a misdemeanor punishable by a fine and/or jail time?

"(2) Must a defendant be present in person to enter a plea of guilty to a misdemeanor punishable by fine and/or jail time when the only punishment assessed is a fine?

"(3) If defendant's presence is not required in either question No. 1 or No. 2, may anyone other than an attorney enter his plea of guilty for him?

"(4) If his presence is not required, may his plea of guilty be entered for him by anyone holding a power of attorney executed by the defendant giving the holder thereof authority to enter such plea?

"(5) If defendant's presence is required in either question No. 1 or No. 2, may this right be waived by the defendant and if so, how?

"(6) If defendant's presence is required in either question No. 1 or No. 2 and he is not present, is the judgment void or only voidable?"

-2638-

In response to the first two questions the defendant must be present at the time of the trial in a misdemeanor case in which the punishment or any part thereof can include imprisonment in jail without regard to what punishment is actually assessed. Article 580, Vernon's Code of Criminal Procedure, which controls in this matter, states:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

After January 1, 1966, the same requirement will be covered by Article 33.03 of the new Code of Criminal Procedure, which supplants present Article 580. The only change will be the provision that when the defendant voluntarily absents himself after pleading to the indictment or information, the trial may proceed to its conclusion; and that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

The leading case interpreting this statute is Padillo v. State, 264 S.W.2d 715 (Tex.Crim. 1954), where the defendant's attorney (in the defendant's absence) entered a plea of guilty to the charge of unlawful possession of intoxicating liquor and the court imposed a penalty of 60 days in jail. When an effort was made to use this conviction for enhancement the Court of Criminal Appeals held:

"It has been held relative to said article that the failure of the appellant to appear and plead in a misdemeanor case where the punishment can be imprisonment in jail renders the trial void."

See Washington v. State, 52 Tex.Crim. 323, 106 S.W. 361; Stewart v. State, 137 Tex.Crim. 39, 127 S.W.2d 903; Henderson v. State, 137 Tex. Crim. 18, 127 S.W.2d 902: Cain v. State, 15 Tex. App. 41. See also annotations under Article 580, Code of Criminal Procedure, in Volume 12, Texas Digest, Criminal Law, Key 636 (No. 1), Page 286.

With regard to the third and fourth questions we would point out that the only time the defendant is authorized to appear and plead "in absentia" is set forth in Article 581, Vernon's Code of Criminal Procedure:

"In other misdemeanor cases, the defendant may, by consent of the State's attorney, appear by counsel, and the trial may proceed without his personal presence."

It is therefore the opinion of this office that no one other than an attorney may appear and plead for a defendant even though such person might hold a power of attorney executed by the defendant giving the holder thereof authority to enter such plea. Such appearance is limited by the statute itself to appearance by counsel. Present Article 581 has been re-enacted in the new Code of Criminal Procedure verbatim as Article 33.04.

In answer to your fifth question, there is no method of waiver that we are able to find. However, Article 33.03 of the new Code of Criminal Procedure provides that when the defendant voluntarily absents himself after pleading to the indictment or information the trial may proceed to its conclusion. This obviously serves to prevent a man from invalidating his trial by walking out in the middle of it.

The Padillo case, supra, is authority for holding the judgment void where it is rendered pursuant to a plea of guilty entered in the absence of the defendant where the punishment can result in the assessment of jail time. The few cases dealing with voidable judgments where the defendant was absent on a hearing for motion for new trial will be eliminated by the special provision added to Article 33.03 of the new Code of Criminal Procedure, which specifically exempts the defendant from having to be present on the motion for new trial in any misdemeanor case.

## SUMMARY

The appearance of a defendant on a plea of guilty, is mandatory any time the punishment for the crime with which such defendant is charged can result in defendant's receiving a jail sentence. If the defendant in such a case does not personally appear the judgment rendered against him is void and is subject to collateral attack. In those cases in which defendant is not required to be personally present, he may appear by and through an attorney at law. If this procedure is not followed

the judgment rendered therein will be subject to attack, as being void.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Thomas W Mack

THOMAS W. MACK
Assistant Attorney General

TM/bd

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman
Sam L. Kelley
Lonny F. Zwiener
Howard M. Fender

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright