**Roy Daniel BRAZIL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39585.

Court of Criminal Appeals of Texas.

April 27, 1966.

Kenneth W. Gentry, Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, five years.

Prosecutrix, aged thirteen at the date of the offense charged, stated that she was preparing to watch a television program on the evening of August 21, 1965, when her step-father called her into the living room; after an exchange of words, he forced her down the hallway and, although she attempted to brace herself against the bedroom door, he was successful in getting her into the bedroom. There, according to her testimony, he placed her on the bed, pushed up her brassiere and removed her levis and panties. Prosecutrix further stated that the appellant then placed his sexual organ in her private part and that while all of the above was taking place, she attempted to fight the appellant's advances. She testified without objection that she had sexual relations with appellant on four occasions prior to the date alleged and that she reported the instant incident to her mother on October 3, 1965.

Dr. Pittman, whose qualifications to testify as a medical expert were stipulated, testified that he examined the private parts of the prosecutrix on October 3, 1965, and found that the hymeneal ring had been destroyed indicating entrance into the vagina. He further testified that in his opinion the prosecutrix had a marital type vagina.

Appellant, testifying in his own behalf, denied that he had ever had sexual relations with his step-daughter. He admitted that he had been convicted for three prior felony offenses and stated that the prosecutrix didn't like the way he ran around and drank. He related that his arrest in the instant case took place at the Ramada Inn where he and a lady friend of his wife had retired after his wife had accosted them in a local tavern.

Appellant's sole contention relates to the insufficiency of the evidence to support the conviction. Appellant relies on the language of Hindman v. State, Tex.Cr.App., 211 S.W.2d 182, a case involving the rape of a fifteen year old girl, where the Court said that although there is no rule requiring corroboration of the testimony of a prosecutrix in a statutory rape case, "The law requires close scrutiny of convictions rest-

ing alone upon the uncorroborated testimony of a prosecutrix in a rape case who testifies to facts showing a rape by force and who makes no outcry." The Court in affirming the conviction went on to say: "On the other hand, the jury are the exclusive judges of the facts proved and of the credibility of the witnesses, which the courts should be slow to overturn."

After close scrutiny of the record, we conclude that the testimony of the prosecutrix comports with human experience, and accordingly, we find the evidence sufficient to sustain the conviction.

The judgment is affirmed.