TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

John Smith CASSELMAN, Jr., and
Odie Lavoy Morris, Appellees.

Nos. 5842, 5843.

Court of Civil Appeals of Texas.

El Paso.

Dec. 21, 1966.

Rehearing Denied Jan. 18, 1967.

Clint Starr, County Atty., Willie E. Du-Bose, Asst. County Atty., Midland, for appellant.

Stubbeman, McRae, Sealy & Laughlin, Rush Moody, Jr., Midland, for appellees.

## OPINION

PRESLAR, Justice.

Each of the above numbered and styled causes presents identical legal questions, and the parties to both appeals have heretofore requested that the causes be consolidated for purposes of briefing and argument. This opinion will dispose of both cases.

Each of the appellees filed suit in the County Court of Midland County, Texas, under the provisions of Article 6687b, section 22, Vernon's Ann.Tex.St., for a trial de novo appeal from an affirmative finding of a justice of the peace court that each was "an habitual violator" of the traffic laws of the State of Texas and that his driving privileges should be suspended for a stated period of time. Both the Department of Public Safety and each appellee moved for summary judgment; and from judgments denying the motions of the Department and granting summary judgment to each appellee, the Department brings these appeals.

In each case the Department of Public Safety moved for summary judgment (under the provisions of Rule 166-A, Texas Rules of Civil Procedure) in reliance upon four notices of convictions of moving traffic violations properly placed before the

court by an affidavit of the Deputy Custodian of Records of the Department of Public Safety. The "notices of conviction" are certifications to the Department by corporation or justice courts of convictions for moving traffic violations. Four such convictions in a twelve-month period makes a driver an "habitual violator" by definition under section 22(b) of Article 6687b and entitles the Department to take the action here taken. The notices of conviction in all instances in the cases before us show that the driver entered a plea of guilty and was found guilty. This showing is made by a check mark in the appropriate place on a printed form. Appellees did not attack the form of these notices, but each attacked the convictions themselves, by affidavit stating that he did not appear in person or through an attorney at the trial. In his affidavit each appellee made statements as to each of three of the alleged convictions in language similar to the following:

"On September 30, 1964, I was charged with speeding in the Corporation Court of the City of Odessa, Ector County, Texas, and on October 19, 1964, a purported judgment of conviction was entered against me in Cause No. 73958; I was not personally present, nor did any attorney appear for me at the time of the purported trial, and I did not appear in person or through an attorney at law at the time of the purported trial or at the time the purported plea of guilty was entered."

■ The truth of these statements is not controverted, so that it stands established that appellees did not appear personally or by attorney. The Department of Public Safety relies on its Notices of Conviction as being abstracts of judgments not subject to collateral attack. The question for determination, then, is whether the non-appearance renders the convictions void. We are of the opinion that the convictions are void because of the provisions of Articles 580 and 581, Texas Code of Criminal Procedure, which were in force at the time of the alleged convictions, and which have been brought forward in the new Code of Criminal Procedure, so far as applicable here, in Articles 33.03 and 33.04. Article 580 provides:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

The construction given to Article 580 by our courts is that the failure of the defendant to appear and plead, in a misdemeanor case where the punishment can be imprisonment in jail, renders the trial void. Washington v. State, 52 Tex.Cr.R. 323, 106 S.W. 361; Stewart v. State, 137 Tex. Cr.R. 39, 127 S.W.2d 903; Henderson v. State, 137 Tex.Cr.R. 18, 127 S.W.2d 902; Padillo v. State, 159 Tex.Cr.R. 435, 264 S.W.2d 715.

■ Under the state of the record in the cases before us, the above authorities require a holding that the prior convictions of appellees are void. The question remains as to whether they could be collaterally attacked in this civil action.

In Padillo v. State, cited above, a prior misdemeanor conviction was used for enhancement of punishment, and it was stipulated that the defendant did not personally appear and plead at the prior misdemeanor trial. Because of the stipulation, it was held that the prior conviction was void and could not be used for enhancement in another case. Thus, a collateral attack was permitted on the prior judgment of conviction.

Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.1964)

is a case identical to the one before us in every material respect. After noting that the notices of conviction were, in effect, abstracts of judgments which, it must be presumed, reflected the provisions of the respective judgments, the court held that a judgment of conviction for a traffic violation may not be collaterally attacked. The court said:

"Unless the invalidity of these judgments is proclaimed upon the face of the judgments themselves, such judgments in this proceeding are to be afforded verity until set aside by a court having jurisdiction to do so."

In Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex.1964), it was again held that collateral attack could not be made on the judgments of conviction by affidavit of the accused that he did not personally appear. The Richardson case was cited as controlling. Crowe v. Texas Department of Public Safety, 406 S.W.2d 201 (Tex. July 1966) (rehearing denied Oct. 1966) is like the cases before us and the Richardson and Miller cases, in that it was a summary judgment case in which the Department relied on notices of conviction. It differs in that Crowe relied on an affidavit of the Judge of the Corporation Court in attacking the notices of conviction. The affidavit was to the effect that the cases were disposed of by a clerk of the court rather than a judge; that the affiant was one of the judges of the Corporation Court of the City of Amarillo, and that the traffic tickets would have the court's signature or initials on them had they been disposed of by a judge. It was held that the suspension orders of the Department must fall, since it affirmatively appears there were no judgments of conviction in the supporting traffic violation transactions. We view the Crowe case as permitting a collateral attack upon the judgments of conviction. It was not an action taken in the convicting court to set aside its judgment, nor was it an appeal from the judgment of the convicting court. It was an attack upon a final judgment

in another forum, in exactly the same manner and proceedings as in Richardson and Miller. It differs from those cases only as to the author of the affidavits in the summary judgment proceedings.

We are of the opinion that the cases before us are controlled by the Crowe case, it being a later expression of the controlling law than Richardson and Miller. It is not unlike ours, because it allows collateral attack to show no judgment, while the cases before us allow collateral attack to show a void judgment.

Appellant's points of error are overruled.

The judgments of the trial court sustaining the motions for summary judgment of the appellees herein are affirmed.