**Audry Lee LACY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40086.**

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

Rehearing Denied March 22, 1967.

Howard O. Lake, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for statutory rape; the punishment, life imprisonment.

Notice of appeal was given on April 27, 1966.

The prosecutrix, fifteen years of age, lived, with her mother and father, the appellant, in the city of Houston. Two younger brothers and two younger sisters also lived in the home. The prosecutrix testified that on December 18, 1965, while her mother was at work, appellant had an act of sexual intercourse with her without her consent. At such time, appellant told the prosecutrix he wanted to instruct her in sex. She stated that this was the first act of sexual intercourse with the appellant but that for several years he had fondled her breasts and private parts and,

in November, attempted to have sexual relations with her but failed to accomplish the act. She stated that she did not report the act to her mother when she came home from work on the evening in question because she was scared and afraid of what he would do to her mother if she did report it; that appellant told her on prior occasions if she told her mother she (the mother) would not live to do anything about it. Two days later, she did tell a younger sister, whom appellant had also attempted to fondle, of the act of intercourse and later, when asked by her mother, she told her of the act.

Medical records of the physical examination of the prosecutrix, as interpreted by Dr. Robert Bucklin, indicated that she had engaged in only one act of sexual intercourse.

Testifying in his own behalf, appellant denied having an act of sexual intercourse with the prosecutrix at any time and denied that he had fondled the prosecutrix or her sister.

In his brief filed in the trial court, appellant urges as sole ground of error that the evidence is insufficient to sustain the conviction.

■ It is first insisted that the evidence is insufficient because the prosecutrix did not make prompt outcry and her testimony was not corroborated.

In Hindman v. State, 211 S.W.2d 182, this court, in overruling a similar contention, said:

> "As a general proposition, this court has refused to apply the rule stated—that is, requiring corroboration where the prosecutrix fails to make outcry promptly or within a reasonable time, in a statutory rape case."

■ In Hindman, the court went further and pointed out that the law requires close scrutiny of convictions resting, alone, upon the uncorroborated testimony of a prosecutrix who testifies to facts showing a rape by force and who makes no outcry, but that the jury are the exclusive judges of the facts proved and the credibility of the witnesses, which the courts should be slow to overturn. See: Brazil v. State, Tex.Cr.App., 401 S.W.2d 843, for a further discussion and application of the rule.

We find that the testimony of the prosecutrix comports with human experience and is sufficient to sustain the conviction.

■ It is also insisted that the evidence is insufficient to support the conviction because the proof shows that the prosecutrix was fifteen years of age and of unchaste character at the time of the act of intercourse in December.

We find no merit in the contention, as the evidence is conclusive that the prosecutrix had had only one act of sexual intercourse and there was no evidence of her being of unchaste character.

The judgment is affirmed.