Richard D. SPRUEILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 43769.

Court of Criminal Appeals of Texas.

May 26, 1971.

Rehearing Denied July 14, 1971.

Glenn Hausenfluck, Fort Worth, for appellant.

Sam Cleveland, Dist. Atty., Stephenville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment assessed by the jury was 12 years. Appellant was tried with a co-defendant, Charles Otis Miller, who did not appeal.

Three grounds of error are alleged, all of which pertain to the overruling of appellant's motion for continuance. He contends that the time to properly prepare his defense was inadequate and he was thereby denied the effective assistance of counsel.

The record reflects that three individuals arriving in Graford at approximately 2 A.M., observed what appeared to be a burglary in progress at a grocery store. The witnesses further observed lights on in the store and a red and black Ford pickup "backed up in an alley" at the corner of the building, the back end facing the grocery store. Appellant and his companion were watched as they left the grocery store, entered their pickup, and began driving out of town. The three men immediately notified the sheriff, and shortly thereafter he arrived and began pursuing appellant and his companion. A light snow was falling and the roads were covered with approximately two inches of fresh snow. The sheriff proceeded in the direction appellant's pickup had taken, and followed the only set of tracks several miles until he saw the same described pickup in a ditch where it had skidded off the road. The two defendants were placed in custody and returned to Graford. The door of the grocery store had been forced, and large quantities of merchandise stacked near the rear door.

Appellant was arrested on December 30, 1969; he was released on bond December 31, 1969; and an indictment was returned on March 6, 1970. On April 17, 1970, the arraignment date, an attorney was appointed to represent the appellant, at which time the bondsman filed an application to be released and appellant was placed in jail to await trial which was set for April 28, 1970. Appellant's wife then employed the present attorney on April 21, 1970. On the trial date, a motion for continuance was filed and a hearing on said motion was conducted. Appellant's counsel was a witness on the motion, and the following is part of his testimony:

(Mr. Hausenfluck—examination by Mr. Cleveland, the District Attorney)

"Q. Would it be correct that you and I talked about these cases on April 22nd last week? Wednesday of last week?

"A. I believe that's correct.

"Q. And at that time did I—did you tell me that you had been employed in the Sprueill case and had some expectation of being employed in the Miller case?

"A. That's correct.

"Q. And did I at that time advise you that the cases were set for trial in Palo Pinto on April the 28th, Tuesday, of this week?

"A. I believe that's correct.

"Q. Would that be correct?

"A. Yes, sir.
"Q. And did I, in connection with our conversation, did I tell you that the State could not agree to a continuance of the cases?

"A. You did, Mr. Cleveland.

"Q. And did I this morning furnish you the names of four witnesses that the State would expect to use in the trial of the case?

"A. Yes, you did in open court, Mr. Cleveland.

"Q. And did I further give you a statement of the general nature of what they would testify to relative to the case?

"A. Yes, you did.

"Q. And then after having been informed by me that the cases were set for trial on the 28th did you thereafter accept employment from Mr. Miller, one of the defendants in these two cases?

"A. Yes, sir, I did.

"Q. And I believe you said a minute ago that that employment was accepted on April the 24th?

"A. That's correct.

"Q. And do you know how far it is from—well, would you have had time at least on Saturday the 26th day of April to have come to Palo Pinto and talked to the defendants and looked at the scene of this situation in Graford, Texas?

"A. I possibly would have had time.

"Q. You would have had time to do that?

"A. Yes, sir."

The hearing further revealed that both appellant and Miller desired two witnesses who, they stated, would be able to testify that they had left Ft. Worth at 10:30 on December 29, 1969, to go to Possum Kingdom Lake, approximately twelve miles from Graford, for the purpose of hunting deer.

The record reflects that appellant's attorney, after denial of his motion for continuance and before trial, conferred with the investigating sheriff and was given a tour of the burglarized premises.

Nothing appears in the record to substantiate appellant's claim that he had inadequate time to procure witnesses, or that such witnesses would have contributed anything to his case. Furthermore, the record reflects no subpoena or attempt to secure such witnesses. We conclude that there was no abuse of discretion by the trial court, and perceive no error. See Article 29.03, Vernon's Ann.C.C.P. See also Baker v. State, Tex.Cr.App., 467 S.W.2d 428 (1971); Palasota v. State, Tex.Cr.App., 460 S.W.2d 137; Robinson v. State, Tex.Cr. App., 454 S.W.2d 747; Johnson v. State, Tex.Cr.App., 453 S.W.2d 840; Thames v. State, Tex.Cr.App., 453 S.W.2d 495; Pitcock v. State, Tex.Cr.App., 420 S.W.2d 719.

Appellant's reliance on Henderson v. State, 137 Tex.Cr.R. 18, 127 S.W.2d 902, and Stroebel v. State, Tex.Cr.App., 366 S.W.2d 575, is misplaced. In Henderson, supra, the court overruled a motion for new trial based on the contention that she (Henderson) was induced to enter a plea of guilty under threats and duress on the part of the sheriff. The motion was heard in absentia. In the case at bar, both appellant and Miller testified at the hearing on the motion for a continuance. In Stroebel, supra, the accused was arrested one evening for driving while intoxicated and brought before the judge the following morning, at which time he was refused an opportunity to consult with counsel. This situation also bears no resemblance to the present case. Reliance on Turner v. State, 91 Tex.Cr.R. 627, 241 S.W. 162, and McBride v. State, 121 Tex.Cr.R. 549, 51 S.W.2d 337, is also misplaced, as in both cases the accused was refused permission to consult with his attorney out of the presence of a peace officer. No such allegation was made in this case.

As heretofore pointed out, the appellant and Miller (who was granted probation) were tried together in this cause. They were both represented by the same attor-

**464**

ney; and, viewing this record in its entirety, it is evident that there was no denial of effective assistance of counsel.

There being no reversible error, the judgment is affirmed.