**Billy Frank BASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43892.

Court of Criminal Appeals of Texas.

June 29, 1971.

**466**

Clyde W. Woody, Marian S. Rosen, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Erwin Ernst, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of rape. Appellant waived the right of trial by jury, and the court assessed punishment at 25 years.

Prosecutrix was thirteen years of age on the date of the offense, June 9, 1969.

The record reflects that on such date, prosecutrix' mother, who had been keeping company with appellant, and who had spent the preceding night with him at her home, returned from work about 5 P.M. to find that prosecutrix had not returned from appellant's apartment where she had spent the night with her sister and another child. The mother and her youngest daughter went to appellant's apartment to look for prosecutrix. On arrival, the "little girl ran on up the stairs * * * and just opened the door and went on in." Appellant was found in the bedroom "shoving something into the closet and was slipping into a pair of trousers." Prosecutrix' mother then asked appellant where prosecutrix was, and he replied: "She's gone to the grocery store," at which time the mother "stretched out on the bed to wait for her." Soon thereafter, prosecutrix "came walking out of the closet." The mother took prosecutrix to the hospital approximately two hours later where she was examined by a doctor.

As his first ground of error, appellant contends his counsel was ineffective and that the "naked" record supports this contention. The record reflects that appellant was represented by three retained lawyers at his trial, one of whom he had known for sixteen years. His appeal has also been conducted by counsel of his choice. We have examined the record and find appellant's retained counsel to be adequate and nothing therein supports a contention that the trial was a farce or a mockery of justice or a breach of legal duty. Walsh v. State, Tex.Cr.App., 468 S.W.2d 453 (1971); Sprueill v. State, Tex. Cr.App., 468 S.W.2d 461 (1971).

Appellant's first ground of error is overruled.

By his second, third, fourth and fifth grounds of error, appellant attacks the sufficiency of the evidence, contending guilt was not proved beyond a reasonable doubt; that the testimony of prosecutrix was uncorroborated; that the state failed to prove an assault upon prosecutrix; and that the court admitted evidence of extraneous offenses committed upon prosecutrix by appellant.

We find sufficient corroboration of prosecutrix' testimony. Her mother testified:

" * * * But when I was talking with her I had taken her into the bathroom

and disrobed her and at this time I saw what had happened. I sat her down on the bed. I said, 'Okay, little lady. Tell me what's going on.' And she told me what had happened. He was sitting in the living room."

The examining physician testified:

"Again, I would like to refer to the records. I did a vaginal examination which showed no hymen being present, mucous discharge in the vaginal vault and at the introitus, and some evidence of bruising of the right labia."

The record reflects sufficient corroboration of prosecutrix' testimony even though such is not an absolute requirement to sustain a conviction for statutory rape. See Lacy v. State, Tex.Cr.App., 412 S.W.2d 56; Brazil v. State, Tex.Cr.App., 401 S.W.2d 843; Purifoy v. State, 163 Tex.Cr.R. 488, 293 S.W.2d 663; Hindman v. State, 152 Tex.Cr.R. 75, 211 S.W.2d 182.

Appellant's contention that the state failed to prove an assault upon prosecutrix is without merit. Article 1183, Vernon's Ann.P.C., provides in part that rape may be accomplished by "the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud * * *."

Whether or not an assault occurred is immaterial in the case of statutory rape. Gray v. State, 138 Tex.Cr.R. 587, 137 S.W.2d 777. See 4 Branch's Ann.P.C. 2d 261, Art. 1183, Sec. 1943, and cases cited therein.

Appellant's contention is overruled.

Also, appellant complains that evidence of "extraneous, inflammatory, and prejudicial matters" was admitted. His ground of error fails to comply with Article 40.09, Sec. 9, V.A.C.C.P. However, assuming such ground of error to be proper, it is well settled that admission of extraneous acts committed on prosecutrix is not error.[1] Grantom v. State, Tex.Cr.App., 415 S.W.2d 664. See also 4 Branch's Ann.P.C.2d 289, Art. 1185, Sec. 1962, and cases therein.

Appellant's second, third, fourth and fifth grounds of error are overruled.

By his sixth ground of error appellant contends Article 1183 V.A.P.C. (supra) is unconstitutional, because it is too vague. He cites no cases for this proposition, and we conclude that the contention is without merit. The sixth ground of error is overruled.

Appellant alleges as his seventh ground of error that the punishment assessed in this case is "cruel and unusual." We find no merit in this contention as the punishment of twenty-five years, assessed by the court, is within the statutory limits of the punishment set by the legislature.[2] This court has affirmed judgments where the punishment was assessed at life for the offense of statutory rape and overruled the contentions that such was cruel and unusual punishment. See Johnson v. State, Tex.Cr.App., 449 S.W.2d 65; Darden v. State, Tex.Cr.App., 430 S.W.2d 494.

Appellant's seventh ground of error is overruled.

Appellant's eighth ground of error alleges that Article 1183 V.A.P.C. is unconstitutional because it was improperly amended in 1895 and 1918. Such contention is clearly without merit.

Finding no reversible error, the judgment is affirmed.

---

1. The record reflects that appellant and prosecutrix had been having sexual intercourse since prosecutrix was eleven years old.

2. Article 1189 V.A.P.C.: "A person guilty of rape shall be punished by death or by confinement in the penitentiary for life, or for any term of years not less than five."